KNIPE
v.
KNIPE.

of the pendency of the attachment, and at the first appearance of the defendants, this objection cannot be supported.

*Per Curiam.*—The judgment is affirmed with costs.

*Sullivan* and *Farnham*, for the plaintiff.

*Stevens*, for the defendants.

(1) Accord. R. C. 1831, pp. 75, 82.

---

## KNIPE *v.* KNIPE.

In 1804, the father of *B.* and *C.* delivered to *B.*, in *England*, 75*l.*, with directions to pay the same to *C.* on the latter's arrival in *America*. In 1818, *C.* came to *America* where *B.* was ther resident, and accounts on both sides immediately commenced between them, and continued running until 1826. The 75*l.* was charged in the account of *C.* against *B.* *Held*, that these mutual accounts, including the 75*l.*, were not within the statute of limitations; some of the items having been furnished within five years before the commencement of the suit.

*Saturday, November* 13.

ERROR to the *Wayne* Circuit Court.

Scott, J.—*Thomas Knipe* brought an action of debt against *John Knipe* in the *Wayne* Circuit Court. In the declaration the defendant is charged, among other things, for money had and received and interest thereon. The defendant pleads to so much of the plaintiff's declaration as goes to charge him with money had and received, and interest thereon, that no action accrued to the plaintiff within five years next before the commencement of the suit. The plaintiff replies that the money had and received, and the interest thereon, were items in an account current commenced in the year 1818, and continued running, open, and unsettled, until the year 1826; and that the last item of the said account accrued within five years next before the commencement of the suit. The defendant rejoins, that the said supposed money was not an item in the account current between the said parties; but that the same was received, if received at all, more than five years before the commencement of the said mutual dealings; and concludes to the country. On the rejoinder issue is joined. There are other pleas and issues, but the only objection to the judgment grows out of the issue stated. As no exception was taken to these pleadings in the Circuit Court, we will not now inquire into their correct-

ness. It may be remarked, however, that the rejoinder contains two allegations, the first of which only responds to the replication, and is that only on which, without a surrejoinder, an issue could regularly have been taken. The issue, then, may be considered as taken on the first member of the rejoinder, and the other part may be rejected as surplusage. This, with other issues, was submitted to the jury, and there was a general verdict for the plaintiff. A motion for a new trial was made by the defendant's counsel, and overruled by the Court. Judgment on the verdict.

It was in proof, as appears by a bill of exceptions, that the defendant had admitted, at different times, that he had received of his father, in *England*, 150 pounds sterling, in the year 1804, one-half of which was for the plaintiff, who was at that time a resident of *England*,—that the said money was to be paid to the plaintiff when he should arrive in *America*,—that, on his arrival in *America*, the defendant was to furnish him with necessaries for his family subsistence for one year, the cost of which was to be taken out of his part of the money,—that plaintiff came to *America* in 1818,—that accounts on both sides commenced at that time between the said parties, for mutual dealings in other matters together with the necessaries aforesaid, and continued open and running between them on both sides until the year 1826,—that the said money was charged in the plaintiff's account, but whether with or without the knowledge of the defendant was not proved,—and that the accounts on both sides still stood open till the commencement of this suit. The jury, in their verdict, included the sum of 75*l.* sterling with interest thereon from *September*, 1818. On this ground the motion for a new trial was predicated; and on this ground the plaintiff in error claims a reversal of the judgment.

It is alleged by the plaintiff in error that the 75*l.*, a moiety of the 150*l.*, having been received in *England* so long before the commencement of the mutual dealings of the parties in *America*, could not be considered as forming an item in their account current. The money received in *England*, was to be paid to the defendant in error on his arrival in *America*, which it appears was in 1818. No action accrued to him till that time. Immediately on his arrival he was, by agreement, to be furnished with necessaries for his family subsistence out

Nov. Term, of that fund. It is natural and reasonable in this state of
1830. their transactions, that *Thomas Knipe*, the defendant here, in
KNIPE keeping a regular account of his dealings with *John Knipe*,
v. would place the money, in the hands of *John*, on the debit side
KNIPE. of the account, and credit the different sums of money or oth-
er articles as he received them. This would be honest dealing.
And had the parties thought proper to close their business and
adjust their accounts within two or three years, no one would
suppose that this deposit, in the hands of *John*, would be omit-
ted in balancing their mutual accounts. Then if that money
was, at any time, so connected with the mutual dealings of the
parties, that a fair and honest settlement of their accounts could
not be made without taking it into the calculation, it must remain
an item until their accounts are finally liquidated. The cir-
cumstance of the later items being of so recent a date, as to be
within the limit of the statute, was a sufficient justification of
the verdict. 2 Saund. 127, n. 6.—6 T. R. 189 (1).

*Per Curiam.*—The judgment is affirmed, with 2 *per cent.* da-
mages and costs.

*Rariden*, for the plaintiff.
*Smith*, for the defendant.

(1) "Such accounts as concern the trade of merchandise between merchant and
merchant are excepted from the operation of the statute. Where there have been mu-
tual, current, and unsettled accounts between the parties, and any of the items are
within six years, such items are evidence (under the replication that the defendant did
promise, &c.) as an admission of there being an open account, so as to take the case
out of the statute, like any other acknowledgment. *Catling* v. *Skoulding*, 6 T. R.
189.—2 Saund. 127, *a. n.* But where all the items are on one side, the statute is a bar
to all demands above six years' standing. *Cotes* v. *Harris*, B. N. P. 149. Where there
are mutual accounts, but no item of account at all within six years, the plaintiff may reply
specially to the plea of the statute, that the accounts are merchants' accounts. 2
Saund. 127, *c. n.* But it has been held in equity that merchants' accounts are within
the statute, if they have ceased six years. *Barber* v. *Barber*, 18 Ves. 286. And
see *Jones* v. *Pengree*, 6 Ves. 580; *Martin* v. *Heathcote*, 2 Eden, 169. The clause
in the statute as to merchants' accounts is not confined to persons actually merchants.
*Catling* v. *Skoulding*, 6 T. R. 191." Roscoe on Ev. 261. See, also, *Cogswell* v
*Dolliver*, 2 Mass. 217.—*Coster* v. *Murray*, 5 Johns. C. R. 522.—*Kimball* v.*Brown*,
7 Wend. 322.—*Buntin* v. *Lagow*, Vol. 1. of these Rep. 373.—R. C. 1831, p. 401.
With respect to the exception in the statute as to *merchants' accounts*, see the subject
fully discussed, and most of the authorities cited, by *Marshall*, C. J., in *Spring et al.*
v. *The Executors of Gray*, 6 Peters, 151.