EBENEZER SHAW, *in Equity, versus* ABIAL W. ERSKINE.

Mortgages of real estate include not only those made in the usual form, in which the condition is set forth in the deed, but also those made by a conveyance appearing on its face to be absolute with a separate instrument of defeasance of the same date and executed at the same time.

A defeasance is a collateral deed, and to be valid must be made between the same persons who were parties to the first deed.

Bill in equity, in which the complainant alleges that on the 12th day of March, 1847, Martin Greely, being owner of certain real estate, conveyed the same in mortgage to said Erskine, and that afterwards on the third day of January, 1848, said Greely conveyed his remaining interest in said real estate to said Erskine, and that on said third day of January said Erskine executed and delivered to said Greely a certain bond in which he agreed to convey said premises to one R. L. Keene upon the payment by Keene or Greely of certain notes, which said bond was part and parcel of the contract of sale of said real estate, and was executed for the benefit of said Greely, and said Keene had no interest in it, and paid no consideration for it. That said Erskine has entered upon said premises and is in possession, and has entered to foreclose his said mortgage, and claims to hold said estate. That certain creditors of Greely attached his right and interest to redeem said estate, and recovered judgment against him, and execution, upon which he seized and sold his said right and interest, which the plaintiff now represents.

That he was desirous of paying said notes, and to redeem said estate according to the conditions of said bond; that he called upon said Erskine to pay him and demanded of said Erskine the true amount of the sum due him on said mortgage, which he has neglected and refused to render. That he is now desirous of paying the sum due, and to redeem said premises; is wishing and hereby offers to pay such sum as

shall by this court be found to be due, and to perform such matters and things as this court may require. He therefore prays that said Erskine may be compelled to answer and account in equity, and prays that the title and possession may be restored to him.

And said Erskine answering, says, that it is true, the conveyances were made as stated in the complainant's bill, and that at the time of the last conveyance it was distinctly understood and agreed between him and the said Greely that unless the sum of two hundred and fourteen dollars, and two hundred and ten dollars should be paid to him within one year from date, the estate so conveyed should become absolute in the defendant.

That the same was nearly equal to the value of said estate, and that the bond was made to R. L. Keene, and not to Greely, in order that said transaction should not constitute a mortgage, and he denies that said transaction should constitute a mortgage, or that subsequent to January third, 1849, Greely or any person, had any right to redeem said premises. That suits having been commenced against Greely, and disputes having arisen as to Greely's rights, for his greater security he did enter and take possession as set out in the bill, and to foreclose the mortgage on the nineteenth day of April, 1849, and has been in possession ever since, but without meaning or intending thereby to waive his rights under the deed aforesaid.

And he denies that said Shaw ever demanded the amount due upon the mortgage or bond, or either, at a proper time or place, and has never tendered or paid, or offered to pay any amount whatever, or produced any money in court for that purpose. Wherefore he prays judgment whether he shall be held to answer further.

TENNEY, C. J. Mortgages of real estate include not only those made in the usual form, in which the condition is set forth in the deed, but also those made by a conveyance,

appearing on its face to be absolute, with a separate instrument of defeasance of the same date, and executed at the same time. R. S. of 1841, chap. 125, sec. 1.

As in other cases, we resort to the common law, in order to know with precision the definition of the term "defeasance." "A defeasance is a collateral deed, made at the same time with a feoffment or grant, containing certain conditions, upon the performance of which, the estate created by such feoffment or grant, may be defeated. The word is derived from the French, *defaire*, to defeat or undo, *infectum reddere quod factum est.* 4 Cruise Dig., 82. The foregoing definition does not embrace the case of a bond of the grantee in an absolute deed of conveyance of real estate, given to convey the estate to a stranger, or third party. This would be quite a different transaction from that in which the absolute conveyance would be simply defeated. And it has so been held by elementary writers.

To make a good defeasance, it must be by deed. It must recite the deed it relates to, or at least the most material part thereof. It is to be made between the same persons that were parties to the first deed. It must be made at the time, or after the first deed, and not before. It ought to be made of a thing defeasible. 1 Inst., 236, 237; 2 Black., 342; 3 Lev., 237; 2 Jac. Law Dic., 230.

In Treat v. Strickland, 23 Maine R., 234, the court say, "The court do not consider that the deed from Samuel Smith to Pierce and Treat, and their bond to Edward and Samuel Smith, constitute a mortgage of the estate."

It is very clear that the deed of Martin Greely to the defendant, and the bond of the latter to Reuben L. Keene, recited in the bill, and among the exhibits of the case cannot be regarded as a mortgage; and therefore there is no foundation for the complaint and the relief sought thereby.

Other objections to the maintenance of the suit are presented and argued, but their consideration is unnecessary in enabling us to make a final disposition of the case.

*Bill dismissed, with costs.*