JAMES EWART

*v.*

URIAH G. WALLING.

1. CONVEYANCE — *when held a mortgage.* A deed, absolute on its face, will be held a mortgage, if, from the instrument in writing, and the surrounding circumstances, it appears, that it was the intention of the parties, that it should be a security for a debt. The intention of the parties, when ascertained, must govern.

2. MORTGAGE — *evidence of.* Where the grantor was indebted to the grantee, was sued, and he prepared a deed for property of thrice the value of the debt; sent an agent to the grantee with the deed, without any previous negotiation, and proposed to deliver it upon receiving a bond for a reconveyance, on the payment of the debt within three years, and the grantee objected, saying he only wanted his money, but finally consented upon being assured, that the property was of much greater value than the debt, and it was agreed, that the debtor should occupy the property free of rent, which he did: *Held,* that the transaction constituted but a security for the debt, in equity, and not an absolute conveyance of the land, and might be foreclosed or redeemed like a mortgage in the usual form.

3. SAME. In equity, it is not the form but the intention, that gives character to such transactions. Equity will enforce it as an absolute conveyance or as a mortgage, according to the design of the parties when it was entered into by them.

WRIT OF ERROR to the Circuit Court of Cumberland county; the Hon. AARON SHAW, Judge, presiding.

This was a bill in chancery, filed by Uriah G. Walling, in the Cumberland Circuit Court, against James Ewart. The bill alleges, that defendant was indebted to complainant, in the

sum of about seven hundred dollars, and that about the 27th of June, 1861, and at that date, defendant and his wife, for the purpose of securing the payment of the money with interest, executed a deed of conveyance of certain town lots. That the conveyance purported to be absolute, but complainant at the same time executed a bond for the reconveyance of the lots, upon the payment of the debt and interest within three years from that date. That defendant in error still held the bond, and had remained in the possession of the property. The bill prays, that an account be taken of the amount of the debt then due, and that defendant be decreed to pay the money, and in default thereof, that the property be sold for its satisfaction.

Defendant answered the bill, and admits the indebtedness and the execution of the deed and bond, but denies that it was intended to be a mortgage. He insists that the deed was executed in full payment and satisfaction of the indebtedness, and that the deed was so received by complainant. The defendant was, by the agreement, to have the right of repurchasing the property by paying the original indebtedness, with interest, within three years from that time, and that complainant executed and delivered the bond to carry out the agreement. A general replication was filed to the answer.

The cause came on for hearing at the July Special Term, 1866, and the court found the transaction to be a mortgage; found the sum due and decreed its payment, and in default thereof that the premises be sold by the master to satisfy the same. Defendant prosecutes this writ of error to reverse the decree.

Mr. John Scholfield, for the plaintiff in error.

Mr. Hiram B. Decius, for the defendant in error.

Mr. Chief Justice Walker delivered the opinion of the Court:

This record presents the question whether the deed of conveyance in this case, absolute on its face, when considered in

connection with the bond for a reconveyance of the property, executed at the same time, forms, in equity, but a mortgage, or does the transaction amount to a purchase and a resale of the property? The solution of this question depends, of course, as with all other agreements, upon the intention of the parties, and that intention must be ascertained from the written instrument and the surrounding circumstances. The condition to the bond provides that it shall be void in case defendant in error shall permit plaintiff in error to redeem the property, or any portion of it, by paying the amount of the debt and interest then due, at any time within three years, and shall thereupon convey such portion as may be redeemed. It is true, it recites that the lots were conveyed in liquidation of the debt. But when it provides for a redemption it would seem to have been intended as a security for the debt. But this, of itself, might not be sufficient to determine it to be such, were there no other circumstances attending the transaction.

The evidence shows, that, when the agent of plaintiff went to negotiate the transaction, defendant in error said he did not want the deed, but wanted the money; but, upon being assured that the property was worth three times as much as the debt, he consented to receive the deed and to execute the bond, but said at the time that he regarded the agent as his friend, and believed he would not advise him to do anything which would be to his injury. Plaintiff in error said to the agent that he was broken and ruined, and if a judgment should be recovered in the United States Circuit Court, it would swallow up this property; that he wanted to secure defendant in error, and wanted him to give plaintiff in error the privilege of redeeming or repurchasing; and if he afterward became able he would redeem. It was also agreed that plaintiff in error should occupy the property during the three years without paying rent. The evidence also shows, that he did have possession of the property during that time either by himself or his tenants.

It also appears from the testimony of the son of defendant in error, that the agent of plaintiff in error came to his father's

house, and brought with him the deed already prepared, and informed his father that plaintiff in error had been sued, but wanted to give his father a conveyance of the lots as a guaranty for the note.

Shiplar testified, that he heard plaintiff in error say that he had conveyed to defendant in error in good faith, but had the privilege of redeeming. At another time and after the store-house was burnt, he said he had suffered a heavy loss by the burning of the property. That at another time he said he had conveyed to defendant in error, but had the right to redeem, but did not know whether he ever could. From this evidence we can hardly doubt, that it was the design of the parties to simply make the transaction a security for the debt. Plaintiff in error seems always to have spoken of having the privilege of redeeming, and not as having sold absolutely.

Again, sales are not usually made in the manner this trans-action was consummated. It is believed, that the vendor never makes a deed, before he negotiates a sale. But in this case so far as we can see, he did so even before the grantee had been seen in reference to the purchase. Nor can it be said that plaintiff in error had it in his power to dictate terms, as there was security on the note, and we infer that he was solvent, as no effort was made to prove the contrary, and from the fact that defendant declined to enter into the arrangement when it was first proposed, and said he wanted his money. There seems to have been no suggestion that the debt was insecure, as an inducement to receive the deed and to execute the bond.

The fact that plaintiff in error remained in possession of the property, receiving the rents and profits, although not a con-trolling circumstance, seems to favor the conclusion that it was designed to be a mortgage. When all of the circumstances are considered, we are impelled to the belief that such was the intention of the parties, and, like other mortgages, it could be foreclosed, or a redemption had. And this court held, in the case of *Preschbaker* v. *Feaman*, 32 Ill. 475, that, in determining the character of the transaction, it was proper to consider all of the surrounding circumstances; that in equity the form would

not control, but the intention gives character to the transaction. The same rule is announced in the cases of *Sutphen* v. *Cushman*, 35 Ill. 186, and *Snyder* v. *Griswold*, 37 Ill. 216. In this case the deed was made by the debtor to the creditor for the amount of the debt then due, and the property thus conveyed was of threefold the value of the debt, if the statement of McCune is to be credited. Nor does it appear that plaintiff in error made the slightest effort to obtain more, either from defendant in error or from any other person. Persons do not usually dispose of their property by an absolute sale on such easy terms, while it is not unusual to mortgage property in that manner.

We are of the opinion that this was a mortgage, and that the court below committed no error in so holding, and the decree must therefore be affirmed.

*Decree affirmed.*