## JOHN C. GAY *v.* ROBERT HAMILTON.

PAROL EVIDENCE AS TO MORTGAGE.—A deed which appears upon its face to have been an absolute conveyance, may be shown by parol evidence to have been intended as a mortgage.

IDEM.—If a deed, absolute on its face, is given for a loan of money, and intended as a mortgage, and a defeasance is at the same time and as a part of the transaction given by the grantee to the grantor, it is doubtful whether parol evidence is needed to show the deed a mortgage.

IDEM.—If a deed absolute on its face is given, and at the same time a defeasance is executed, parol evidence is admissible to show them parts of the same transaction.

GOLD COIN JUDGMENT.—If one having a deed, absolute on its face, but intended as a mortgage, goes into possession, and receives gold coin for rent, and sells the property and receives gold coin therefor, the money is received in a fiduciary capacity, and may be recovered in gold coin.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

On the 24th day of March, 1862, the plaintiff borrowed from the defendant three hundred dollars, for one year, with interest at one and a half per cent per month, and to secure the defendant the plaintiff gave him a deed absolute on its face of a lot in San Francisco. At the same time the following agreement was entered into under seal and delivered to the plaintiff:

" Articles of agreement made and entered into this 24th day of March, 1862, between Robert Hamilton, of the City and County of San Francisco, State of California, party of the first part, and John G. Gay, of the same place, party of the second part:

" The said party of the first part, in consideration of the sum of one dollar, to him in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, and in further consideration of the promises of the said party of the second part, hereinafter contained, doth hereby promise and agree to and with the said party of the second part that he will, upon the payment to him by the said party of the second part of the sum of three hundred and fifty-four dollars, at any time within one year from the date hereof, make and deliver to the said party of the second part a good and sufficient deed of the piece or parcel of land situate in the City and County of San Francisco, and known and described as Subdivision Number Twenty-Five of One Hundred Vara Lot Number Two Hundred and Two; and the said party of the second part agrees to pay to the said party of the first part said sum of three hundred and fifty-four dollars, within one year from the date hereof, together with any other sum expended about said lot."

The defendant then went into possession of the lot, and within one year collected as rent in gold coin seventy dollars, and during the months of June, July, and August, 1863, expended on the premises for assessments for grading street and for repairs, one hundred and eleven dollars and

thirty-eight cents. During the latter part of the year 1863, the defendant removed from the premises and placed on a lot of his own the house standing on the lot, worth two hundred and fifty dollars. On the 24th day of October, 1864, the defendant sold the lot for one thousand dollars in gold coin. The plaintiff demanded of the defendant that he pay him the sum of seventy dollars rent, and the sum of two hundred and fifty dollars, value of the house, and the sum of one thousand dollars received from the sale of the lot. The defendant refused, whereupon the plaintiff brought this action to recover said sums, less the sum loaned and interest, and alleged that the sum of seventy dollars and the sum of one thousand dollars were received, in gold coin, in a fiduciary capacity.

The Court rendered a judgment for plaintiff for the sum of eight hundred and fifty-one dollars and thirty-three cents, principal and interest, payable in gold coin.

The plaintiff, during the trial, called E. D. Sawyer as a witness, and proved by him that the deed was intended as a mortgage, and that the defeasance and deed were a part of the same transaction; to which testimony defendant objected, because the transactions proved were reduced to writing.

The defendant appealed.

*Porter & Holladay*, for Appellant.

We concede the point that the law appears to be settled in this State by a number of cases that "parol evidence is admissible in equity to show that a deed, absolute on its face, was intended as a mortgage, and that the restriction of the evidence to cases of fraud, accident, or mistake in the creation of the instrument, is unsound in principle." (*Pierce* v. *Robinson*, 13 Cal. 135; *Cunningham* v. *Hawkins*, 27 Cal. 606.) If the paper in question is either in form or legal effect a mortgage, then there ends this inquiry. It requires no parol evidence to explain the transaction, because the contract was reduced to writing. It makes no allusion

to the fact that plaintiff Gay had ever owned the land. For all legal intents and purposes, in the construction of this paper, Gay never did own it. The paper contemplates Hamilton, the defendant, as the owner of the land, and by this paper plaintiff secured to himself the *right to purchase it,* by complying with the terms of his contract. Hamilton, the defendant, could hold plaintiff to performance by a suit, or he might, as he did, waive that right and sell the land, or keep it, if he preferred it to his claim upon plaintiff personally. In New York, where the law is less progressive than in this State, they regard the ancient rule of evidence that parties should be bound by their contracts when the contract is made exactly as the parties want it. (See *Cook* v. *Eaton,* 16 Barb., S. C., 439.)

*W. C. Burnett,* for Respondent.

In the case at bar there was a written promise to pay by the respondent, upon which suit could have been maintained by appellant; and all of the authorities say, that if the debt survives, as in this case is conclusively shown, the transaction must be held to be a mortgage. (See *Glover* v. *Payn,* 19 Wend. 519, and nearly all the cases cited by respondent; *Polhemus* v. *Trainer,* 30 Cal. 685.)

The object of the appellant in making the transaction in this manner was to save the expense of foreclosure, and he did accomplish that very purpose by selling the lands himself. Now, with the moneys in his pocket, he repudiates his contract. The appellant here stands towards respondent, with reference to the trust, in the position that a Sheriff selling under a foreclosure would occupy, and must pay over the moneys as he received them.

By the Court, SANDERSON, J.:

It may well be doubted if the testimony of Judge Sawyer was needed for the purpose of explaining the true character of the transaction; but be that as it may, it is well settled in this State that what appears upon the face of the papers to have been an absolute sale and conveyance may be shown by parol evidence to have been intended as a mortgage. (*Pierce* v. *Robinson*, 13 Cal. 116; *Johnson* v. *Sherman*, 15 Cal. 291; *Cunningham* v. *Hawkins*, 27 Cal. 603; *Hopper* v. *Jones*, 29 Cal. 19.) This case is not distinguishable from those cited. It was competent, if necessary, to prove by parol that the deed and agreement were parts of the same transaction, and that the transaction, as a whole, amounted to and was intended to be a mortgage.

The money having been received in a fiduciary capacity by the defendant, it was not error to give the plaintiff a judgment payable in coin.

Judgment and order affirmed.