BRUSH v. PETERSON ET AL.

1. **Conveyance**: EQUITABLE MORTGAGE: REDEMPTION FROM. A deed absolute, made to secure the payment of a note, with a contract for re-conveyance upon payment within a time specified, time being expressly made of the essence of the contract, was held to constitute a mortgage, from which the mortgagor or his representatives were entitled to redeem, though default in payment of the sum secured occurred in 1858, the statute of limitations not having been specially pleaded in bar of such right.

2. ———: CONTRACT: USURY. The contract in pursuance of which the conveyance was executed construed, and held not to be usurious on its face.

*Appeal from Winneshiek District Court.*

WEDNESDAY, JUNE 23.

ACTION in chancery to quiet the title to certain land described in the petition. There was a decree granting the relief prayed for by plaintiff. Defendants appeal.

*Willett & Willett*, for appellants.

*Cooley, Fannon & Akers*, for appellee.

BECK, J.—I.  The petition alleges that the plaintiff holds the fee simple title absolute to the lands in controversy. The answer of defendants avers that the conveyance to plaintiff under which he claims the land was given to secure the payment of a promissory note executed by plaintiff's grantor;

that plaintiff executed a written agreement binding himself to reconvey the land upon payment of the note, and that the transaction between the parties to the deed is in fact a mortgage. The original answer alleges that more than ten years had elapsed after the execution of the note and deed, and prior to the commencement of this action, and that plaintiff's right of action upon the note is barred by the statute of limitations. An amended answer alleges that the note and agreement are usurious, and that one of the defendants did, within ten years prior to the commencement of this action, tender to plaintiff the amount of the note and six per centum per annum interest. The defendants offer to pay to plaintiff the amount legally due upon the note. The reply of plaintiff denies the allegations of defendant's answer. Other allegations of the pleadings need not be here set out.

II. We find the material facts of the case to be as follows:

1. On the 23d day of April, 1857, one Hollenback, in whom the title of the land then rested, conveyed it to plaintiff to secure the payment of a promissory note for $275, due one year after date. Plaintiff executed a written agreement to Hollenback, obligating himself to reconvey the property upon the payment of the note at maturity and the taxes accruing upon the land. The agreement provides that upon the failure of Hollenback to pay the money secured at maturity, and the taxes, the plaintiff should have the right to sell the land. Time, by an express provision of the agreement, is made of the essence of the contract. Indorsed upon this instrument is the following agreement: " I hereby agree to receive payment on the within bond as follows: at $37\frac{1}{2}$ per cent on $200 from the date of the above bond to the date of the payment. Signed Jacob H. Brush."

The plaintiff disputes the execution of this indorsement. Yet he does not deny his signature or testify positively that he did not execute it. His testimony is to the effect that he believes that he did not execute it, and this belief is based upon his manner and custom in transactions of the same

kind. The execution of the indorsement must be regarded as established by the evidence. We must presume that it was executed at the date of the original contract. Upon this point there is no.testimony. But as the instrument and indorse- ment constitute one contract, and the paper was delivered to Hollenback when executed, the law, in absence of proof to the contrary, will raise the presumption that they were exe- cuted simultaneously.

2. The debt secured by the deed and agreement has not been paid.

3. November 19th, 1866, Hollenback assigned his inter- est in the agreement executed by plaintiff, and in the land, to Elijah and Hobert Middlebrook. Hobert afterwards assigned to Elijah, who subsequently conveyed the land to Ole Peter- son and Oli Erickson Noem, all of whom are made parties to this action.

4. On the 28th of March, 1868, the defendant Elijah Middlebrook tendered to plaintiff the sum of $452, being the amount of the note and interest thereon at six per centum per annum.

5. The plaintiff paid taxes upon the land for the year 1857, and four or five subsequent years, amounting in the aggregate to about $42.

III. Upon the facts above stated, the law will regard the conveyance by Hollenback and the agreement by plaintiff to reconvey as a mortgage. The defendants have the right to redeem therefrom, unless it be de- feated by other matters appearing in the record. The plaintiff insists that redemption under this equitable mortgage is barred by the statute of limitations. But a fatal objection to this position is that plaintiff does not in his pleadings set up and rely upon the statute of limita- tions as a bar to defendant's right of redemption. He cannot invoke the statute to protect his title to the land against de- fendant's right of redemption without having pleaded it. The defendants in their answer set up their right of redemption

*1. CONVEY- ANCE: equi- table mort- gage: re- demption from.*

to defeat plaintiff's legal title. Plaintiff did not plead the statute of limitations in bar of that right; he cannot, therefore, rely upon the statute at the trial. This conclusion is supported by the most familiar rules of pleading. The record in this view presents simply a case involving the right of redemption from plaintiff's equitable mortgage. The facts and pleadings show the existence of that right in defendants.

IV. We now proceed to consider the questions raised by the defendants. They do not deny liability upon the note; they simply contest the amount they ought to be required to pay. We will first inquire whether the evidence shows the note and mortgage to be usurious. The only evidence upon this branch of the case is this: The deed executed by Hollenback to plaintiff names the consideration at $200, and the indorsement upon the agreement provides that it may be paid at any time with 37½ per cent interest. There is not one word more of testimony upon the question of usury.

2. ——: contract: usury.

No presumption is raised; no inference can be drawn contradicting the face of the note, from the fact that the deed recites its consideration to be $200. An additional consideration may have existed and may have been included in the note.

The indorsement on the note has no force to establish usury. It binds plaintiff to receive at any time payments of the note with 37½ per centum on $200. This appears somewhat as though the $200 may have been the original contract, but it is consistent with other suppositions. We are not authorized to find, upon this evidence, that the contract was usurious. Surely, if there is usury in the transaction, the defendants would have shown it by the parties to the contract, both of whom were witnesses upon the trial. We cannot, upon the extremely meager and uncertain evidence offered to us, find the existence of usury when it was in the

power of the defendants to give us clear and convincing testimony upon the question.

It will be observed that the indorsement upon the agreement of plaintiff does not bind Hollenback to pay the interest named, plaintiff simply agrees to accept it. It was evidently intended to provide for the payment of the note before its maturity.

V. The defendant Middlebrook tendered to plaintiff $452. The tender is denied by plaintiff, but we think it is established by the preponderance of proof. But the tender did not cover the full amount due plaintiff. It equalled the amount due on the note, but in addition thereto the agreement provides that the taxes paid by plaintiff shall be repaid him by Hollenback. Plaintiff paid about $42 upon the taxes; this sum was not covered by the tender. The defendants, therefore, fail of the protection they planned and expected through the tender.

The foregoing discussion disposes of all the questions in the case which we deem necessary to be considered.

Plaintiff ought to recover the amount of the note and $42 paid for taxes, with interest from maturity of the note and time of payment of taxes to date of decree, and a decree of foreclosure ought to be entered providing for the sale of the property as in actions to foreclose mortgages. Plaintiff's petition asking that the title of the land be quieted in him will be dismissed.

The judgment of the District Court is reversed and the cause is remanded for a decree in harmony with this opinion, or at defendant's option such a decree will be entered in this court. Plaintiff will pay the costs of this appeal.

REVERSED.