(May 18, 1892.)'

## KELLEY v. LEACHMAN.

[29 Pac. 849.]

WHAT CONSTITUTES A MORTGAGE—SEPARATE AGREEMENT TO RECONVEY.—1. A deed absolute on its face, and a separate agreement by the grantee for reconveyance of the same tract of land to grantor upon payment of consideration named in the deed, with interest, taxes, etc., by specified time, bearing same date as deed, constitute together a mortgage.

SAME—EJECTMENT.—2. In such, case ejectment will not lie by grantee to obtain possession of land from grantor.

REMEDY—FORECLOSURE.—3. The remedy is foreclosure under section 4520 of the Revised Laws of Idaho, et seq.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

E. O'Neill, for Appellant.

A deed absolute in form may be a mortgage by there being a written defeasance, or a verbal defeasance, or both; (*Smith v. Smith,* 80 Cal. 323, 21 Pac. 4, 22 Pac. 186, 549; 2 Devlin on Deeds, secs. 1100, 1102, 1103; 4 Kent's Commentaries, 12th ed., *142, *143.) The intention of the parties controls, and, in case of doubt, courts always incline to and determine the instrument to be a mortgage. (2 Washburn on Real Property, 60, 66; *Russell v. Southard,* 12 How. 139; *Peugh v. Davis,* 96 U. S. 331.) A sale in form, but which in fact and substance may be avoided by the payment of money within a given time, is, and will be held to be, a mortgage. If a mortgage until that period elapses, it must forever remain a mortgage. (*Hickox v. Lowe,* 10 Cal. 197; *Robinson v. Cropsey,* 2 Edw. Ch. 138; 2 Devlin on Deeds, secs. 1107, 1115; 4 Kent's Commentaries, *142, *143; 2 Washburn on Real Property, 65.) Where the terms of the agreement naturally lead to the conclusion that the transaction was intended as security for a debt, clear and decisive proof is requisite to overcome their import. (*Hickox v. Lowe,* 10 Cal. 197, 211; *Horn v. Keteltas,* 46 N. Y. 605; *Holmes v. Grant,* 8 Paige, 243.) The determination as to whether the statute of limitation had run against the conveyance as a mortgage, and

whether as a deed the action of ejectment were not barred by the
adverse possession of the defendant for over five years, was in
issue by pleadings and evidence, and should have been found.
(*Spotts v. Hanley,* 85 Cal. 155, 168, 24 Pac. 738; *Knight v.
Roche,* 56 Cal. 15, 17; *Spreckels v. Ord,* 72 Cal. 86, 13 Pac.
158; *Duff v. Duff,* 71 Cal. 513, 12 Pac. 570.)   Limitation on
mortgage or mortgage debt is the same as on bond or unsecured
note.   (*Wormouth v. Hatch,* 33 Cal. 121; *Arrington v. Liscom,*
34 Cal. 336, 94 Am. Dec. 722.)   All testimony showing the cir-
cumstances, understanding or agreement under which the deed
and defeasance were executed is both admissible and requisite,
and decision based on part of the evidence of the case is against
law.   (*Knight v. Roche,* 56 Cal. 17; *Pierce v. Robinson,* 13
Cal. 116; *Russell v. Southard,* 12 How. 139; *Husheon v. Hush-
eon,* 71 Cal. 407, 12 Pac. 410; *Gay v. Hamilton,* 33 Cal. 686;
*Peugh v. Davis,* 96 U. S. 332.)

Rand & Howe, for Respondent.

A bond, in terms a defeasance, as that the grantee shall re-
convey to the grantor, upon being paid a certain sum, does
not convert the original conveyance into a mortgage.   (2 Wash-
burn on Real Property, 63; *Trull v. Skinner,* 17 Pick. 216;
*Green v. Butler,* 26 Cal. 605; *Hughes v. Davis,* 40 Cal. 117.)
Before the statute could be set on foot there must be some re-
pudiation of the contract—some positive denial of the right of
plaintiff.   (*Love v. Watkins,* 40 Cal. 568.)   Before defendant
could have any standing in a court of equity he must fully pay
the amount agreed upon or offer to redeem, and even this would
be no bar to ejectment, but must bring his suit, after surrender,
for a reconveyance or *assumpsit.*   (*Duclos v. Walton* (Nov. 24,
1891), 21 Or. 323, 28 Pac. 1; *Townsend v. Petersen,* 12 Colo.
491, 21 Pac. 619.)

MORGAN, J.—On the twenty-sixth day of July, 1883, the
defendant, S. S. Leachman, was the owner of, and in posses-
sion of, the north half of the southeast quarter of section 27,
and the west half of the southwest quarter of section 26, in
township 35 north, of range 5 west, of Boise meridian, in Nez
Perces county.   On that day he gave the plaintiff, Madison

A. Kelley, a deed of conveyance of the said tract of land, absolute on its face, with covenants of warranty, for the consideration of $1,661.39. The deed was made, executed and delivered in the forenoon of said day. In the afternoon of the same day, in pursuance of the agreement of the parties, the plaintiff executed the following agreement to reconvey and deliver the same to the defendant:

"This agreement, made and entered into this twenty-sixth day of July, A. D. 1883, betwen Madison A. Kelley, of the city of Lewiston, in the county of Nez Perces, in the territory of Idaho, party of the first part, and Samuel S. Leachman, of the same county and territory, the party of the second part, witnesseth: That whereas, the said party of the second part has this day conveyed by deed of warranty to the said first party the hereinafter described real property, situated in the county of Nez Perces and territory of Idaho, of the sum of $1,661.39, lawful money of the United States of America, to said second party in hand paid, the said first party agrees that, in case the said second party shall, on or before the expiration of thirty months from this date, pay or cause to be paid to said first party the said sum of $1,661.39, with interest on said sum at the rate of one and one-half per cent per month, and shall pay said interest annually, and the said second party shall pay all taxes and assessments legally levied and assessed upon said premises, during the term and at the time the same shall become due and payable, and the said second party shall pay the interest on a certain mortgage in the sum of $250, made by said second party and wife and in favor of the Corbin Banking Company, and shall pay said interest at the time and times the same may become due, which said mortgage is a lien upon the north half of the southeast quarter of section 27, and the west half of the southwest quarter of section 26, in township 35 north, of range 5 west, of Boise meridian, then, in case the said second party shall fulfill all the conditions herein set forth, and at the time herein stated, and shall not suffer any waste to be committed to or upon said premises contained and described in said deed, the said first party will reconvey to said second party, his heirs or assigns, the north half of the southeast quarter of section 27, and the west half of the south-

west quarter of section 26, township 35 north, of range 5 west, containing one hundred ·and sixty acres; also, the west half of the southeast quarter, and southwest quarter of the northeast quarter, and southeast quarter of the northwest quarter of section 9, in township 35 north, of range 5 west of Boise meridian, containing one hundred and sixty acres. All of the above-described premises being the same as this day conveyed to the said first party by the said second party; and the said second party agrees to pay·the said interest and·taxes and assessments as the same shall become due; and in like manner to pay the interest upon the said Corbin Banking Company mortgage, and that he will not suffer any injury, waste or damage to be committed upon or to said premises; and, in case any interest, taxes or assessments should remain unpaid for thirty days after the same shall become due, he, the said second party, will then quit and surrender the whole of said premises to the said party of the first part, his heirs or assigns, and the whole amount shall be considered due. In witness whereof the said parties have hereunto set their hands the day and year first above written.

"M. A. KELLEY.
"SAMUEL S. LEACHMAN.

"Witness: JASPER RAND.
"Filed Oct. 28, 1891."

The plaintiff, on the tenth day of September, 1891, files his complaint, alleging ownership of the said tract of land; that the defendant, on said date, entered into possession of the said premises under the plaintiff. Various payments were made from year to year by the defendant to plaintiff upon the amount appearing to be due him, for principal and interest, by the terms of the said agreement, until about the beginning of the year 1890. In February, 1891, plaintiff demanded possession of the land, which defendant refused; whereupon plaintiff brings this suit in ejectment, alleging above facts, and that he is entitled to possession; that value of rents, issues and profits of said premises is $300, and that he has sustained damage in the sum of $150; prays judgment for the recovery of the premises, for rents and profits, damages and costs of action.

Defendant denies ownership of plaintiff; that he was ever in possession; denies value of rents and profits and damages; alleges ownership; continued possession in himself; that the deed and defeasance were intended as a mortgage; alleges the payment of the whole $1,661.39, principal and interest; pleads statute of limitation; prays decree of dismissal, and that his title be quieted. The court entered decree of ouster, and judgment for $100 rents and profits, and $100 damages. Defendant moved for new trial, which being refused, he appeals, both from order overruling motion for new trial and from the judgment.

The proof shows that the plaintiff was never in actual possession of the land; that the deed was given to plaintiff for the amount of money named therein, which was furnished by the plaintiff to pay off certain indebtedness of the defendant to other parties. The agreement of defeasance, or for reconveyance, was given to afford defendant an opportunity to repay the money with interest, and thus procure a reconveyance of the land. The questions for the determination of this court are, was this an absolute conveyance of the title to the land in question, or must the deed and agreement to reconvey be held a mortgage, and will ejectment lie to gain possession of the land? The agreement to reconvey was executed on the same day as the deed. It was given by the grantee in the deed to the grantor, recites the giving of the deed, and contracts to reconvey the land described, upon the payment of the sum mentioned as the consideration in the deed, with interest thereon at a specified rate, all taxes and assessments, etc., made upon the land. These two writings, taken together, constitute a mortgage. (1 Jones on Mortgages, sec. 20.) It would have constituted a mortgage if there had been simply a parol agreement made between the parties to reconvey upon the payment of a stipulated sum. (1 Jones on Mortgages, sec. 248.) It might have been in that case more difficult to prove the contract. This being an agreement in writing, there is no difficulty about the proof. In *Smith v. Smith,* 80 Cal. 325, 21 Pac. 4, 22 Pac. 186, 549, the court say: "It is the settled rule in that state that if a deed, absolute in form, was made merely to secure an indebtedness to the grantee, it is a mere

mortgage, and does not pass the title." (See, also, *Taylor v. McLain,* 64 Cal. 514, 2 Pac. 399; *Healey v. O'Brien,* 66 Cal. 519, 6 Pac. 386; 4 Kent's Commentaries, 142, 143.) When, at the time of the execution of an absolute conveyance, a separate defeasance or agreement to reconvey is also executed, the transaction at law will constitute a mortgage. Where the deed and defeasance ·have been executed and delivered at the same time, and form parts of one transaction, as in this case, the courts have universally considered them as constituting a legal mortgage. (2 Devlin on Deeds, 1100, 1101; *Shaw v. Erskine,* 43 Me. 371; 1 Jones ·on Mortgages, sec. 20; *Walker v. Manufacturing Co.,* 2 Colo. 89; *Knowlton v. Walker,* 13 Wis. 264; *Brinkman v. Jones,* 44 Wis. 498; *Sharkey v. Sharkey,* 47 Mo. 543; *Preschbaker v. Feaman,* 32 Ill. 475; *Ewart v. Walling,* 42 Ill. 453; *Archambau v. Green,* 21 Minn. 520; *Benton v. Nicholl,* 24 Minn. 221; *Brush v. Peterson,* 54 Iowa, 243, 6 N. W. 287. See, also, *Hickox v. Lowe,* 10 Cal. 197; *Russell v. Southard,* 12 How. 139.)

The provision near the end of the agreement to reconvey, which is as follows: "And, in case any interest, taxes or assessments should remain unpaid for thirty days after the same shall become due, he, the said second party, will then quit and surrender the whole of said premises to the said party of the first part, and the whole amount shall be considered due"— does not change the character of the transaction as a mortgage. (1 Jones on Mortgages, sec. 250.) Parol evidence is admissible to show that an absolute deed and a separate defeasance are parts of the same transaction, and that together they were intended to constitute a mortgage. Such testimony does not contradict the writings, but shows the relation of one to the other. (1 Jones on Mortgages, sec. 248; *Gay v. Hamilton,* 33 Cal. 686; *Preschbaker v. Feaman,* 32 Ill. 475.)

Since the deed and agreement to reconvey constitute a mortgage, our statute steps in to direct and control the remedy in case of default, which must be by foreclosure and sale. (Idaho Rev. Stats., sec. 4520.) Ejectment is positively and specifically forbidden. Section 4523 is as follows: "A mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of a mortgage to recover pos-

session of the real property, without a foreclosure and sale." Since the plaintiff is not seeking to recover any indebtedness in this action, and the action in its present form cannot be maintained, the amount paid on the debt is not in issue. As ejectment will not lie, the question as to whether such action is barred by statute of limitations is not in the case. For the same reasons the cross-petition by defendant to quiet title to another and separate tract of land cannot be maintained herein. Judgment reversed and cause dismissed, with costs awarded to appellant.

Sullivan, C. J., and Huston, J., concur.