(December 11, 1895.)

## PRITCHARD v. BUTLER.

[43 Pac. 73.]

MORTGAGE—WHEN A DEED OR BILL OF SALE IS A MORTGAGE.—A deed or bill of sale of either real or personal property, accompanied by a contemporaneous agreement for reconveyance of the same upon payment of consideration, which shows that the conveyance was made to secure indebtedness, is in effect a mortgage.
(Syllabus by the court.)

APPEAL from District Court, Kootenai County.

Robert E. McFarland, for Appellant.

It is a rule of law that if an absolute sale be made without continuing or creating a debt on the part of the vendor, but he merely obtains the privilege of purchasing, the transaction is a conditional sale. (Jones on Chattel Mortgages, 2d ed., pars. 26, 27.) The complaint alleges that the bill of sale was given as security, and that possession was surrendered at the same time, hence the transaction was a pledge. Plaintiff had two remedies by an action at law, viz., conversion and replevin, or, as our own statute terms it, claim and delivery. On that ground alone the complaint is insufficient for want of equity.

(3 Pomeroy's Equity Jurisprudence, sec. 1231; 6 Lawson's
Rights, Remedies, and Practice, sec. 3076; *Loughborough v.
McNevin,* 74 Cal. 250, 5 Am. St. Rep. 435, 14 Pac. 369, 15
Pac. 773; *Hill v. Finigan,* 77 Cal. 267, 11 Am. St. Rep. 279,
and note, 19 Pac. 494.)

Charles L. Heitman, for Respondent.

The bill of sale herein does not transfer the property "as
security only." Upon its face it transfers the absolute title,
and only a court of equity will admit parol evidence to show
the intent of the parties. There is an element of trust and
also of fraud in this transaction, and equity always has juris-
diction thereof. (*Campbell v. Dearborn,* 109 Mass. 130, 12
Am. Rep. 671; *Brick v. Brick,* 98 U. S. 514; Idaho Rev. Stats.,
sec. 3354; *Brown v. Runals,* 14 Wis. 693; 1 Cobbey on Chattel
Mortgages, sec. 72; Jones on Chattel Mortgages, sec. 2; *Armel
v. Layton,* 29 Kan. 576.) An absolute bill of sale will be
held to be a chattel mortgage upon proof that it was intended
as security for a debt. (1 Cobbey on Chattel Mortgages, sec.
73; Jones on Chattel Mortgages, sec. 22.) No particular form
necessary to constitute an instrument a chattel mortgage.
(Jones on Chattel Mortgages, sec. 34.) It is well settled that
a bill of sale absolute in terms becomes a chattel mortgage
upon parol proof that it was made to secure a debt. If it be
in form a bill of sale, but the transaction was intended to se-
cure a debt, it is a mortgage. (*Nichlin v. Betts Spring Co.,*
11 Or. 406, 50 Am. Rep. 477, 5 Pac. 52; *Butts v. Privett,* 36
Kan. 711, 14 Pac. 247; *Sayward v. Nunan,* 6 Wash. 87, 32
Pac. 1022.) Where a deed absolute is really a mortgage by
reason of a separate defeasance, written or verbal, the grantee
in the deed cannot maintain ejectment, but must foreclose in
equity. (*Kelley v. Leachman,* 3 Idaho, 392, 29 Pac. 849; 1
Jones on Chattel Mortgages, sec. 20.)

On August 9, 1893, respondent, Pritchard, was indebted to
Butler, appellant, in the sum of $285. To secure this respond-
ent gave appellant a bill of sale of a certain store building and
some personal property, and delivered possession thereof to him.
A contemporaneous verbal agreement was made between re-

spondent and appellant, that if respondent would pay appellant said sum of money, appellant would reconvey said property to respondent, and deliver the same to him. There was also an agreement, by and between Butler and one Ignatz Weil, a short time after the making of the agreement between Butler and Pritchard, that if Weil should pay Butler the amount due him from Pritchard, he (Butler) would convey said property to Weil to secure a debt from plaintiff to Weil. Weil never paid said amount to defendant, and therefore nothing came of the latter agreement. The court submitted questions to the jury, on which a special verdict was rendered, which is as follows: The jury find: That at the time the bill of sale of the property was given by plaintiff to Butler, it was agreed by them that on payment of $285 to Butler he (Butler) was to convey the property back to Pritchard. That after the delivery of the bill of sale, it was agreed upon between plaintiff and defendant that on the payment of the said $285 by Weil, Butler was to convey the property to him (Weil) as security for this payment and other moneys due Weil from plaintiff; but Weil himself testifies that he never paid anything to Butler thereon. The jury further find that Pritchard paid said sum of $285 to Butler before the commencement of this suit. These findings were adopted by the court as the facts in the case, and a judgment and decree entered thereon in which said bill of sale, executed on the ninth day of August, 1893, by plaintiff to defendant, is declared to be a chattel mortgage. Said defendant Butler is ordered to execute a reconveyance of the said property remaining in his hands to said plaintiff, Pritchard; and the court gives judgment for fifty dollars, rent for use of property, and for $103.70, costs of suit. From this judgment, and from the order overruling defendant's motion for a new trial, defendant appeals.

MORGAN, C. J. (After Stating the Facts.)—All the assignments of error made by appellant which are deemed material are considered and determined as follows, viz.: The complaint sets forth the cause of action which, the facts show, existed at the commencement of the suit in ordinary and concise lan-

guage, and, as we think, is entirely sufficient. The contract between Weil and Butler was never complied with by Weil, as appears by his own testimony, and was therefore of no effect, and left the contract between plaintiff and defendant in full force; and any evidence relating to the Weil contract, and the remarks of the court thereon, as to who should keep the said agreement, were entirely immaterial, and can have no effect. It was entirely proper for the court to submit the questions proposed to the jury, and to adopt their findings when returned, if he believed them to be correct. It was properly an equity case, and the court could adopt or reject the findings of the jury thereon, at his discretion. A deed or bill of sale of real or personal property, made by a debtor to his creditor, accompanied by a contemporaneous agreement between the parties for a reconveyance of the property upon payment of the debt, constitutes a mortgage. (See *Kelley v. Leachman,* 3 Idaho, 392, 29 Pac. 849; Jones on Mortgages, sec. 20; *Smith v. Smith,* 80 Cal. 325, 21 Pac. 4, 22 Pac. 186, 549; *Taylor v. McLain,* 64 Cal. 514, 2 Pac. 399; and a number of authorities cited in *Kelley v. Leachman, supra.*) The evidence of the making of this contemporaneous agreement to reconvey the property upon payment is conclusive, as testified to by both plaintiff and defendant. The evidence as to the payment of the $285 by plaintiff to defendant is conflicting, and in such cases this court must receive the verdict of the jury and the findings of the court as conclusive. The judgment of the lower court is affirmed, with costs to respondent.

Sullivan and Huston, JJ., concur.