(October 7, 1924.)

AUGUST LARGILLIERE and EDGAR W. LARGIL-
LIERE, Respondents, v. MODESTO ZAVALA and
LEONA ZAVALA, Appellants.

[230 Pac. 774.]

DEED—CONTRACT OF SALE—MORTGAGE.

A written instrument in the form of a deed will be held to be a mortgage where it was executed and delivered as security for a debt.

APPEAL from the District Court of the Fifth Judicial District, for Bear Lake County. Hon. O. R. Baum, Judge.

Action for the recovery of real property. Judgment for plaintiffs. *Reversed.*

J. M. Stevens, C. E. Melvin and N. E. Snell, for Appellants.

The form of the conveyance is not controlling and parol evidence is admissible to show what the real agreement was.

The declarations of the parties at the time and subsequently are also admissible to determine what the real intention was. (*Miller v. Smith*, 20 N. D. 96, 126 N. W. 499.)

Where a deed absolute in form is accompanied by a contract or agreement by which the grantee undertakes to reconvey on specified conditions, and the agreement renders it doubtful whether a mortgage or conditional sale was intended, the court will hold the deed and contract a mortgage. (*Fort v. Colby*, 165 Iowa, 95, 144 N. W. 393.)

An instrument purporting to be an absolute conveyance of real estate, but intended to be defeasible or as a security for the payment of money, is deemed a mortgage, and must be recorded and foreclosed as such. (*Williams v. Purcell*, 45 Okl. 489, 145 Pac. 1151; *Worley v. Carter*, 30 Okl. 642, 121 Pac. 669.)

Whether a deed absolute on its face was intended as a mortgage depends on the intention of the parties as determined from a consideration of the circumstances, the pecuniary relation of the parties, their previous negotiations, their contemporaneous acts and declarations, and subsequent acts and admissions. (*Elliott v. Bozorth*, 52 Or. 391, 97 Pac. 632; *Abercrombie v. Carpenter*, 150 Ala. 294, 43 So. 746; *Sebree v. Thompson* (Ky.), 104 S. W. 781.)

R. J. Dygert, for Respondents.

The question whether the parties intended the deed to be a mortgage or absolute conveyance is a question of fact, and where there is a substantial conflict in the evidence and the question of fact is determined by the jury or by the court who tried the case the findings will not be disturbed. (*Martin v. Dowd*, 8 Ida. 453, 69 Pac. 276; *Winters v. Swift*, 2 Ida. 61, 3 Pac. 15.)

WM. E. LEE, J.—Prior to and on January 3, 1921, appellants were indebted to respondents in the sum of $8,500, secured by a mortgage on the 240 acres of real property with respect to which this controversy relates. Not being able to pay the debt, appellant Modesto Zavala on January

3, 1921, made, executed and delivered to respondents his promissory note in the principal sum of $5,000 due August third thereafter and bearing interest at the rate of nine per cent per annum; and on the same day appellants made, executed and delivered to respondents their warranty deed to the real property. At the same time, and without doubt as a part of the same transaction, the respondents and appellant Modesto Zavala entered into a written agreement wherein and whereby respondents agreed to sell and appellant Modesto Zavala agreed to buy the identical real property. Appellants continued in possession of the real property. The original mortgage securing the indebtedness of $8,500 was not released. On July 21, 1921, respondents mailed to appellant Modesto Zavala a notice that his note of $5,000, together with the interest—not an instalment of the contract for the repurchase of the land—would be due on a given future date. Within a very few days after the note became due respondents served upon appellants a notice to surrender possession of the real property. Upon the failure and refusal of appellants to surrender possession of the real property, respondents commenced this action to secure its possession. The appellants answered and, among other things, alleged that Modesto Zavala made, executed and delivered the note for $5,000; and that as a part of the same transaction they delivered to respondents a warranty deed to the real property, which was intended by the parties to be a mortgage of the real property to secure the payment of the note of $5,000; and that as a part of the same transaction they made and entered into the contract for the sale and purchase of the land; and that the note, the deed and the contract were all made, executed and delivered at the same time and as a part of the same transaction; and that the deed was intended as a mortgage to secure the indebtedness and not intended to be a deed of conveyance.

In addition to the foregoing, the evidence showed that respondents were bankers and merchants at Soda Springs; that appellant Modesto Zavala is a farmer and was formerly engaged in the sheep business; that Leona Zavala is the

wife of appellant Modesto Zavala. It is apparent, from a reading of the evidence, that appellants are not in any respect equal to respondents in education and business experience. Modesto Zavala testified that respondents said that they would give him plenty of time—five years—to pay the $5,000 if he would give them security. He asked what security they wanted and they told him a mortgage. Respondents prepared the note, deed and contract and they were executed in respondents' office. Modesto Zavala testified further that the property was worth $15,000; that he had been offered that much for it, and that there never was any suggestion on the part of appellants, or respondents, or anybody else, that he should transfer to them the title to his land. From his testimony it further appears that before respondents served the notice on the appellants, demanding that they remove from the premises, they demanded additional security for the debt by way of a mortgage on a desert entry belonging to Leona Zavala. The testimony of Modesto Zavala is generally corroborated by that of his wife. This evidence is not disputed by respondents nor is the evidence that they agreed to extend the time of payment of the debt five years, if appellants would give a mortgage on the land in question, disputed by respondents, except to say that at the time the deed was signed and delivered, nothing was said about a mortgage and that Zavala said that he would like to turn the land over to them. The respondents testified that the land was worth $5,000, and that at the time these transactions occurred Modesto Zavala told them it was worth only $3,500. It seems strange that respondents took this land for $5,000 when appellants insisted that it was worth only $3,500.

If the instrument was intended as a deed and not as a mortgage there was no necessity for giving the $5,000 note. If the instrument, denominated a deed, was in fact a deed, to secure a credit on a debt of $8,500, appellants deeded respondents $5,000 worth of land and gave their $5,000 note in addition. The giving of the note is consistent with the theory of appellants that the deed was intended as a

mortgage, but there was no reason whatever for giving the note if the parties intended an absolute conveyance of the land. It cannot be said that the $5,000 note represented the sum to be paid for the land, as expressed in the contract, for the note was due on August 3, 1921, while the $5,000, the consideration for the repurchase of the land, was payable in five equal annual instalments.

The testimony of the parties, which we have summarized, considered in view of all the facts and circumstances, leads irresistibly to the conclusion that the deed, together with the accompanying papers, at their execution and delivery and for some time thereafter was by the parties considered a mortgage to secure the payment of the debt represented by the note. An instrument, in the form of a deed, executed and delivered as security for a debt, will be treated as a mortgage. (*Kelley v. Leachman,* 3 Ida. 392, 29 Pac. 849; *Wilson v. Thompson,* 4 Ida. 678, 43 Pac. 557; *Martin v. Dowd,* 8 Ida. 453, 69 Pac. 276. See also extensive note commencing on page 18, L. R. A. 1916B.) The evidence is insufficient to sustain the findings.

The judgment is reversed, with instructions to dismiss the action. Costs to appellants.

McCarthy, C. J., and Dunn and William A. Lee, JJ., concur.

Petition for rehearing denied.