[No. 2,869.]

## HIRAM WALBRIDGE *v.* TIMOTHY ELLSWORTH ET AL., AND JOHN SULLIVAN *v.* TIMOTHY ELLS-WORTH ET AL.

OBJECTION TO A DEED AS EVIDENCE.—The objection to a deed offered in evidence in an action of ejectment, that it does not embrace the premises in controversy, is not well taken, unless the deed shows on its face that it does not embrace such premises.

EFFECT OF DEED AS EVIDENCE.—After a deed is admitted in evidence in ejectment it is necessary for the party claiming under it to show that it embraces the premises in controversy.

EFFECT OF DEED OF GRANTEE BEFORE MEXICAN GRANT IS CONFIRMED.— A deed given by the holder of a Mexican grant, before the confirmation and the issuance of a patent by the United States to him, vests in the grantee the legal title to the land conveyed by the deed.

PRESUMPTIONS AS TO CHARACTER OF A DEED.—When the record on appeal does not contain a deed offered in evidence, the appellate Court will assume, if necessary, in support of the judgment of the Court below, that it was in fee with full covenants of warranty.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

Ejectment for two tracts of land lying in the City and County of San Francisco, and in San Mateo County. By agreement of counsel the answer filed in one case was to be taken as the answer in the other, and the cases were tried together.

CAL. REPS. XLIV—45

The plaintiffs first offered the patent in evidence, and it was admitted that the demanded premises were covered by the grant, and that the land described in the survey and patent also included the demanded premises. The deed from Pierce, the confirmee, to Johnson, was then offered in evidence, when it was objected to by the defendants, because executed long prior to the issuance of the patent. The plaintiffs recovered judgments, and the defendants appealed.

The other facts are stated in the opinion.

*E. A. Lawrence,* for Appellants.

*M. G. Cobb* and *R. Tobin,* for Respondents.

By the Court, RHODES, J.:

The plaintiffs claim title under a patent dated September 22d, 1865, which was issued by the United States to Pierce, in confirmation, as we gather from the statement on new trial, of a Mexican grant, and which, it was admitted, embraced the premises in controversy. The first deed in the plaintiffs' chain of title is the deed of Pierce to Johnson. Neither that deed nor the subsequent deeds in that chain of title are contained in the statement. The attorney for one party gives the date of the deed of Pierce to Johnson as June 4th, 1863, and the attorney for the other party states the date as 1853. The defendant objected to the deed, on the ground, first, that it does not embrace the premises in controversy; and second, "that the legal title went to William Pierce, the confirmee of the grant, and that there is no conveyance from him, subsequent to that patent, to any of these parties, or to the plaintiffs in this case;" and the objection was overruled. We are justified by this objection, and what we glean from the statement, in accepting 1853 as the true date of the deed of Pierce to Johnson, and assuming that at that date Pierce held the Mexican grant. The first

ground is untenable. It is almost impossible to imagine a case where that objection would be valid, except when the deed on its face shows that it does not include any portion of the premises in suit. *After* the admission of the deed in evidence, it is necessary for the party claiming under it to show that it applies to the premises in controversy.

The second ground is also untenable. In the absence of the deed from the record we are justified in presuming, if it were necessary in support of the decision of the Court below, that the deed was in fee, with full covenants of warranty; but it is unnecessary to go to that length. In *Stark v. Barrett*, 15 Cal. 361, the deed which was executed by the grantee, long anterior to the issuing of the patent, purported to convey the grantor's right, title, and interest in a tract of the land which was included in the patent; and it was held that " the patent, in recognizing the validity of the grant, necessarily established the validity of all properly executed intermediate transfers of the grantee's interest." The effect of that rule is to vest in such grantees the legal estate; and there is no rule in respect to the operation of such patents which is better established than this. The other points are not well taken.

Judgment and order affirmed.