[L. A. No. 151.   Department One.—November 29, 1897.]

D. F. OGLESBY et al., Respondents, *v.* CITY OF SANTA BARBARA et al., Appellants.   JULIA G. BAKER, Respondent, *v.* CITY OF SANTA BARBARA et al., Appellants.

INJUNCTION—ACTION TO RESTRAIN CITY FROM GRADING LANDS OF PLAINTIFF— DISPUTE AS TO LOCATION OF STREET—PRIMA FACIE EVIDENCE—BURDEN OF PROOF—SHOWING TO WARRANT REVERSAL.—In an action to restrain a city from entering upon the lands of plaintiffs for the purpose of grading a street, where there is evidence tending to show that plaintiffs had both title and possession of the disputed strip, over which the city claimed that the street should be located, and that the street as actually located and used by the public for more than twenty years, was an open street of sixty feet in width, by which plaintiff's lot was bounded, and on both sides of which lots were fenced in during that period, the burden is on the city to overcome such prima facie evidence of title in plaintiff to the disputed strip of land, by clear proof of the title of the city thereto, and such proof must be uncontradicted by plaintiff's evidence, in order to warrant reversal of a judgment for the plaintiffs.

ID.—CONFLICTING EVIDENCE—LINES OF STREET ESTABLISHED BY SURVEY— SUBSEQUENT SURVEY—FINDINGS—APPEAL.—Where the evidence is conflicting as to the true original location of the street in controversy, but there is evidence tending to show an actual survey of the street by the town surveyor, taking the admitted base and initial point of the original survey, and that the fences and improvements on both sides of the street were made in accordance with such survey, leaving the street of full width, proof of a subsequent survey by another town surveyor, showing a different location of the street, only raises a conflict of evidence, and a finding of the court as to the correctness of the prior survey, having support in the evidence, cannot be disturbed upon appeal.

ID.—TWO METHODS OF SURVEY—PROVINCE OF COURT.—The court, having the facts before it as to two methods of ascertaining the lines of the street, had the right to judge as to which method of survey was the most satisfactory, and nearest in conformity with the actual original location; but it is not for the appellate court to determine that the true location of the street must in all cases be ascertained in the method approved by the trial court.

APPEAL from a judgment of the Superior Court of Santa Barbara County and from an order denying a new trial.   W. B. Cope, Judge.

The facts are stated in the opinion.

Thomas McNulta, for Appellants.

Richards & Carrier, and A. A. Oglesby, for Respondents.

CHIPMAN, C.—Action to restrain defendants from entering upon block 56½, in the city of Santa Barbara, which it is alleged in the complaint defendants threaten to do for the purpose of grading Laguna street, on which said block fronts, and from excavating and removing soil from said block and removing plaintiffs' fences inclosing the same.  By stipulation, the case entitled Julia G. Baker *versus* the same defendants was tried upon the same evidence as that first above mentioned, and is here by the same transcript, both to be heard and determined as governed by the same questions of law and fact.  The court gave judgment for plaintiffs, and the appeals are from the judgment and from the order denying defendants' motion for new trial and upon a statement.  The court found, and it is not denied, that the streets and blocks of said city, when a town, in 1851, were surveyed and platted upon a map by one Salisbury Haley, and that said survey was then adopted as the official survey and map of said city, by which plaintiff's block 56½ is bounded on the southwest by Laguna street; that plaintiffs are and were the owners when the action was commenced and seised in fee of said block, being one hundred and fifty yards square, and that they were and had been by themselves and through their predecessors for twenty years continuously in the exclusive occupation and possession of the premises as described in the complaint (the complaint describes the block by metes and bounds, commencing at a certain intersection of Micheltorena and Laguna streets and as inclosed, the inclosure taking in the disputed strip); that the premises have been inclosed since the year 1875 with a substantial fence; that Laguna street is an open street sixty feet wide, upon which said block fronts, running from Victoria street to Pedregosa street, in reference to which said Laguna street lots were fenced on both sides, and said street had been traveled by plaintiff and the public for more than twenty years, "but the city of Santa Barbara or its predecessors have not acquiesced in the location of said open street as constituting the true location of Laguna street according to the official map and survey of said city by Salisbury Haley"; that defendants threaten, and will, if not restrained, excavate from the soil and grade and appropriate a portion of plaintiffs' premises, to wit, a strip about six feet in width fronting on said street; that a number of lots abutting

on said street "have on them trees and shrubbery, residences, and other improvements, which to a great extent constitute the beauty and attractions of said thoroughfare"; that said strip of land and the improvements thereon are not embraced within the lines of Laguna street, as the same was dedicated to public use in 1851 by said city by the so-called Haley survey. The controversy involves the integrity of the lines of Laguna street for a long distance and the residence property of many lotowners—the disputed strip varying from six to thirteen feet wide.

1. Defendants present the case as arising on an action to quiet title, claiming the burden of proof to be upon plaintiffs to prove title in the disputed strip of land. In *Tate v. Sacramento,* 50 Cal. 242, the action was to enjoin the street commissioners from opening a certain street in the city of Sacramento. The defendant claimed that the buildings of plaintiff were in the street, and were an obstruction and a nuisance. It was there held that plaintiff's possession was *prima facie* evidence of title, and must be presumed to be rightful until the contrary appears. It was further held that it was incumbent upon defendant to show that the street upon which the alleged obstructions stood had been dedicated as a public street. It was so held also, in a similar case, in *Demartini v. San Francisco,* 107 Cal. 402, where the question was fully discussed. Under the pleadings and proofs in the present case, it was clearly the duty of defendants to show their right to the strip of land in question after plaintiffs had proved possession and right of possession, as the evidence tended to show they did and as the court found. It is claimed by defendant that *Orena v. Santa Barbara,* 91 Cal. 621, is a similar case to this, involving much the same questions, and that it was there held that "the burden was upon the plaintiff to show title in himself. He can do so only by proof that the premises are within his grant. Proof of his supposed adverse possession does not make a *prima facie* case." It is sufficient answer to defendants' contention that *Orena v. Santa Barbara, supra,* was an action to quiet title. But the court here found, and the evidence tends to prove, title in plaintiffs as well as possession, as claimed by them.

2. It is claimed by the defendants that the evidence tended to show that the boundary lines of Laguna street were estab-

lished by the Haley survey as contended by defendants, and that there was no evidence tending to show that they were established by that survey according to the lines of fences on that street, and therefore the court should have found for defendants. The evidence is quite voluminous; we do not feel called upon to present an analysis of it, for the reason that upon the point at issue there is a clear conflict. Defendants introduced evidence tending to show that by a correct survey, taking certain monuments and lines as established by the Haley survey as initial points from which to retrace the lines of Laguna street, plaintiffs' fence encroached upon the street about six feet at plaintiffs' block. The evidence of James L. Barker, a former town surveyor who made a survey in 1871, tends to show this. On the other hand, plaintiffs' evidence tends to show that the lines of Laguna street were established by actual survey, taking Haley's admitted base and initial point used for his map at Carrillo and State streets as the initial for the survey, and that the fences and improvements were made in accordance therewith, leaving the street the full width of sixty feet. Such a survey was made by the witness, W. H. Norway, in 1870, who was then the town surveyor. A great deal of evidence was introduced by plaintiffs to show that along Laguna street the owners of property had, ever since 1870, built their fences and houses and improved their lots with reference to this Norway survey, and that in some instances, including plaintiff's (Mrs. Baker's) lots, valuable improvements had been made on this contested strip of land, and that the public had, since 1870, treated the lines as marked by Norway. It does not seem to us necessary to consider how far the acquiescence of the public and the lotowners or the nonacquiescence of the city authorities in the Norway survey may affect the rights of the parties here. In determining the lines of the street, such considerations were deemed important and said to be sometimes conclusive in *Orena v. Santa Barbara, supra.* (And see, also, *Payne v. English,* 101 Cal. 14.) But here we have some evidence as to the true location of the lines based upon the Haley survey; the evidence is conflicting to be sure, but, being so, we cannot say which is right or which is wrong. The court found for the plaintiff upon the point, and

that finding, having support from the evidence, cannot be disturbed.

3. Defendants claim that the lower court decided the case on the assumption that plaintiffs' possession gave them the right, and that under the Orena case possession was a false quantity, quoting from that case the statement that "the supposed adverse possession was a false quantity in the problem to be solved." And so it was in that case, which was to quiet plaintiffs' title. The court very properly held that the public cannot be disseised of lands used as a thoroughfare by intrusion upon them. We are not called upon to decide whether plaintiffs' evidence would have been sufficient in an action to quiet title; but there was sufficient evidence here to show plaintiffs' right *prima facie* to the relief sought, and the court found against defendants on the fact as to whether this *prima facie* case was overcome. Nothing short of clear proof by defendants, uncontradicted by plaintiffs' evidence, that the street lines were where defendants claimed, could defeat plaintiffs' action. Such proof was not forthcoming.

Norway testified as to locating the blocks as follows: "I located them with reference to measurements from the initial point at Carrillo and State streets, measuring four hundred and fifty feet for a block and sixty feet for a street, with the exception of Carrillo and State street, which were eighty feet." He testified that, taking the Carrillo and State street point from the Haley map, it would furnish the means of locating these blocks, and that he so located them at that time (1870).

Barker testified that in making his survey he was instructed "to take the stakes which had been reputed at that time (1871) to be Haley stakes, stakes set by Haley, and take them primarily for my guide; in the absence of them, to take old fences that had been reputed by the owners of the premises, adjacent premises, to have been located on the lines between Haley stakes, and, further, take the testimony of old residents who claimed to have information as to the original location of Haley stakes; and I followed those instructions." In following those instructions the witness testified that he found discrepancies between Haley's map and his survey. It will be readily seen that the survey of Norway and Barker might differ, and no doubt did. Apparent-

ly, however, the survey of Barker took as initials interior monuments and stakes, while Norway took the original starting point for the survey of the town and the map. The court manifestly regarded the Norway survey as the more reliable as affecting lots on Laguna street, and we cannot now say that it was error so to do. We do not wish to be understood as holding that where the Haley maps and survey may be drawn in question as they may affect any particular street or block, that the true location must in all cases be ascertained by starting from the Carrillo and State street monument. (*Penry v. Richards*, 52 Cal. 672; and see remarks of Justice Cooley cited in *Bullard v. Kempff, ante,* p. 9.) We simply hold that the court, having the facts before it as to the two methods of ascertaining the lines of Laguna street, had the right to judge as to which method was the more satisfactory and nearest in conformity with the actual original location. Defendants in their brief present no points or objections other than those noticed, and, as we find no error, it is advised that the judgment and order be affirmed.

Searls, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Garoutte, J., McFarland, J.