[Civ. No. 517.   Second Appellate District.—May 1, 1909.]

## SARAH A. WINCHESTER, Appellant, v. ORREN D. PAYNE, Respondent.

EJECTMENT—DISPUTED STRIP FRONTING ON STREET—LOCATION OF STREET—REFERENCE IN DEEDS TO OFFICIAL MAP—FAILURE OF PROOF.—In an action of ejectment for a strip of land alleged to front on a street and to be included in plaintiff's claim of title, the deeds of which refer to the official map of the street, in which issue is joined as to title and ouster, and defendant claims title under resurvey of the street adopted by the city authorities, and possession taken thereunder, the burden is on the plaintiff to show that the deeds include the strip in controversy, when it does not appear from the description in her deeds, and when she failed to show the official map of the street or the survey on which it was based, or to show that she or her predecessors ever possessed the strip, or had any right of possession thereof, her cause of action fails of proof, and the judgment for the defendant must be sustained.

ID.—LINES OF STREET AS ACTUALLY OPENED AND POSSESSED—CONSTRUCTION OF DEEDS.—When the evidence shows that plaintiff and her predecessor never possessed the strip, but that the street in controversy, as actually opened and possessed by owners on both sides thereof for many years, and until the commencement of the action, included the full width of the street between them, in the absence of proof of any different intention, the description in the deeds under which plaintiff claims must be construed to mean the lines of the street as they were actually laid out.

ID.—REFERENCE TO BLOCK AND STREETS—OFFICIAL LOCATION NOT SHOWN.—Where plaintiffs' deeds refer to a block and streets surrounding it, in the absence of evidence to show the official location of either, the trial court was justified in accepting the best evidence the case affords, and if none is afforded, in applying the legal presumption from the failure of the plaintiff to present satisfactory evidence.

ID.—FENCES NOT ORIGINAL EVIDENCE OF STREET LINES—ABSENCE OF ORIGINAL MEASUREMENTS.—Fences are not original evidence of street lines; but it is only in the absence of original measurements to show their location, that it would be important to ascertain the boundaries of the streets as actually opened and used.

ID.—DISREGARD OF FENCE BY CITY—RESURVEY NOT CONCLUSIVE OF ORIGINAL SURVEY.—The fact that the city after a resurvey of the block disregards the occupation of the street by fences in 1906, such disregard does not necessarily establish that this was the official line of the street when it was opened, where there is evidence tending to

show that about that time the street, as traveled, was otherwise located.

ID.—CONFLICTING EVIDENCE.—If the trial court regarded the meager evidence of plaintiff's deeds, admitted without objection, as some evidence, it only created a conflict as to the location of the streets, and the determination of the trial court thereon will not be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of Santa Barbara County, and from an order denying a new trial. Felix W. Ewing, Judge presiding.

The facts are stated in the opinion of the court.

Day & Day, and W. S. Day, for Appellant.

Henley C. Booth, for Respondent.

TAGGART, J.—Action in ejectment.   Judgment for defendant, and plaintiff appeals from judgment and from an order denying her motion for a new trial.

The complaint alleges ownership and possession by plaintiff of a strip of land fronting on Montecito street eight feet and six inches, and extending at the same width one hundred and seventy-five feet into the east quarter of block 273 of the city of Santa Barbara, along the southwesterly line of said quarter; and that the defendant, on August 1, 1906, ousted her from the possession thereof.   The answer is, in effect, a general denial.

Plaintiff showed no connection with the paramount source of title, but the record contains this recital: "It is agreed by the parties hereto, plaintiff and defendant, that the basis of title is contained in a deed from Isaac J. Sparks to Ramona Trussel, which deed conveys to the grantee named therein, a tract of land known on the official map of the city of Santa Barbara as Square 273, and bounded by Rancheria, Castillo, Gutierrez and Montecito streets."   This deed is dated September 1, 1858, and was recorded September 3, 1858, in the records of Santa Barbara county.   Plaintiff also introduced in evidence three other deeds of mesne conveyance through and by which the title of said Ramona Trussel to the easterly quarter of said block was, on the 10th day of October, 1885, vested in plaintiff.   The particular descriptions in

these and each of said deeds were the same, and are in the words and figures following: "Commencing at a point in City Block Two Hundred and Seventy-three (273) at the intersection of Montecito and Castillo streets, and running thence in a southwesterly line along the line of Montecito street 225 feet; thence at right angles into said block 225 feet; thence at right angles 225 feet to Castillo street; thence along the line of Castillo street 225 feet to the place of beginning."

Plaintiff's respective predecessors in title, taking successively under each of said deeds, went into possession of and occupied continuously since the year 1878 a lot of land of the dimensions above given, which did not include the strip in question but adjoined it immediately to the northeast; and neither they nor plaintiff have ever been in the actual occupancy of this strip.

No objection was made to the introduction of these deeds on the ground that the description therein did not include the premises in dispute, when they were admitted in evidence. Admitted they made a *prima facie* showing that plaintiff held the title and was entitled to the possession of the premises therein described. But, as the ownership, possession, right of possession of plaintiff, and the ouster of plaintiff by defendant were denied by the answer, it was necessary for the plaintiff to show, after these deeds were introduced, that the description in them embraced the premises in controversy, if this did not clearly appear from such description. (*Walbridge* v. *Ellsworth*, 44 Cal. 353.)

The stipulation as to the common source of title, by consent, locates the disputed strip of land in square 273, as shown "on the official map of the city of Santa Barbara," and this "square" is by the same instrument shown to be bounded by Rancheria, Castillo, Gutierrez and Montecito streets. No attempt, however, was made to locate the lines of the property by this map, or to determine the location of the intersection of Montecito and Castillo streets, the initial point of the description in plaintiff's deed, by this map or the monuments of the survey which it is presumed to represent. The only monuments called for in the deed to plaintiff are the two streets last named. In the absence of any evidence to establish a different intention, the description in the deed must be construed to mean the lines of these streets as they were

actually laid out; in other words, according to their true location. (*Orena* v. *Newlove*, 153 Cal. 136, 140, [94 Pac. 628].)

Appellant contends that she has done this by showing that it appears from a survey of a portion of the block made by the city engineer in March, 1906, that the frontage of the block on Montecito street is four hundred and fifty and forty-four hundredths feet, and that after deducting the disputed strip which was first inclosed by defendant in March. 1906, there remains but two hundred and seventeen and two-tenths feet between it and the east corner of the block at the intersection of Montecito and Castillo streets, and that as the eight-foot strip is necessary to complete the two hundred and twenty-five feet frontage to which she shows title, her right of possession is established. This survey so relied upon was based upon monuments placed in the streets to indicate their location by one George F. Wright, who made a survey or resurvey of the streets of the city in 1889. The purpose or intent of, or authority for, the survey is not shown. The only matter in the record which can be construed as giving it any authoritative value is that the lines of the streets as laid out in accordance therewith are now recognized as official lines by the city and acted upon by it.

Respondent, on the other hand, relies upon a showing that prior to the year 1903 the fence on the Castillo street side of the plaintiff's property was located about eight feet northeasterly from where it now stands, and that the rest of the fence along the Trussel block, on that street, and the fence along block No. 292, the next block to the southeast of block 273, were, at least as early as 1882, and said other fences ever since have been, and still are, on a line with each other, and located about eight feet northeasterly from the line of plaintiff's fence; that when the fences were so located Castillo street was open for travel its full width between the fences on either side thereof, and that the street so fenced was traveled as early as the year 1882. He contends that on the authority of *Orena* v. *City of Santa Barbara*,. 91 Cal. 621, [28 Pac. 268], and *Oglesby* v. *City of Santa. Barbara*, 119 Cal. 114, [51 Pac. 181], he has thus established the line of Castillo street so that plaintiff has her full.

two hundred and twenty-five feet frontage on Montecito street without the eight-foot strip in question.

In the absence of proper evidence essential to the correct official location of either the block or the streets surrounding it, the trial court was justified in accepting the best evidence the case afforded, or, if it afforded none, in applying the presumption which the law provides where there is a failure to present satisfactory evidence. In sustaining his conclusions it is not necessary that we assume that the learned judge who tried the case construed the opinions in the two cases above cited as supporting the view of respondent that fences are original evidence of the street lines. We do not regard those cases as so holding. In both of them the respective parties to the litigation properly sought to locate the lines of an "official" survey to support title the paramount source of which rested thereon for purposes of description. The difficulty of locating the original monuments of the official survey recognized by both parties to each of said actions led to the consideration of two methods of determining where the lines of the streets of that official survey ran. In the Orena case the trial court adopted the theory that measurement from the initial point of the original survey, the location of which was known, was the proper method of locating a disputed point, following the ordinance of the city declaring this to be a rule of evidence in all such cases; but it was shown by recognized monuments of the original survey in the immediate vicinity of the property in litigation that the original survey was inaccurate, and the supreme court, in reversing the judgment in that case, declared that in determining the location of the line of the street in question the initial point would not necessarily be of greater or less importance than those monuments found in the vicinity, and that measurements on the street in question would be of more value than those made elsewhere. That in the absence of original measurements it would be important to ascertain the boundaries of the streets as actually opened and used; and if such location had been generally acquiesced in by the public, by lot owners and by the municipality, in the absence of more certain evidence, it would be conclusive of the location of the lines of the official survey. Incidentally, it was also determined that the ordinance attempting to legis-

late upon the matter of what should be received as evidence was void.

In the Oglesby case evidence as to the true location of the monuments of the Haley survey (which was the official survey of said city and stated in the opinion in that case to have been made in 1851), was lacking and the testimony as to the location of the older improvements, such as fences, etc., was conflicting, and the trial court based its judgment of the location of the lines of the Haley survey of Laguna street upon those fences and improvements which were located approximately where the lines of the street were ascertained to be by a measurement from the initial point.    In neither of these cases was it determined that a fence was original evidence of the location of a street.    As said by the opinion of the supreme court in affirming the judgment in the Oglesby case. "Here we have some evidence as to the true location of the lines based upon the Haley survey; the evidence is conflicting to be sure, but, being so, we cannot say which is right or which is wrong"; and so the finding of the trial court was not disturbed.

Respondent, however, has not presented the evidence of the location of the fences upon the theory that it was locating the line of the Haley survey, for as he properly says in his brief: "There is not a syllable of testimony in this case to show what the official survey of the city of Santa Barbara was at any time referred to in the oral or documentary evidence, or what it is now."    In other words, the court was left to determine the location of a street from evidence of the city engineer and his assistant that the city now (in 1906) recognizes a certain line as the southwesterly line of Castillo street, and the testimony of a witness that prior to 1903, from at least as early as 1882, the fence inclosing plaintiff's property line stood eight feet farther to the east and was then in line with fences on either side which were in effect the same line prolonged.    In the absence of any attempt of the appellant to locate her property with relation to the official map called for in her chain of title, or the survey from which that map was made, or by any other evidence showing, or tending to show, the true location on the ground of the streets with reference to which it was located, we are of opinion that the judgment of the trial court should be affirmed on the ground that plaintiff's evidence failed to lo-

cate her property on the ground so as to enable the trial court to determine from the description in her deed whether or not it covered the strip in dispute. If the trial court regarded the meager evidence given as entitled to consideration, it created a conflict as to the location of the streets. The city apparently did not, in 1906, recognize the fences along the sides of the street as showing street lines, while the property owners, including plaintiff and her predecessors in title, had done so from 1882 to 1903, and the other property owners continued to recognize the fences as the lines of the street to the time of trial. The recognition of a certain line by the city in 1906 does not necessarily establish that this was the "official" line of a street in 1878 where there is evidence tending to show that about that time the street as traveled was otherwise located. The finding of the trial court, if considered as based upon the facts mentioned, determined which evidence was of the greater value and its conclusion in this regard will not be disturbed.

Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.