[No. 9107. Department Two. — December 4, 1885.]

JOHN CLAFFEY, APPELLANT, *v.* THE HARTFORD FIRE INSURANCE COMPANY, RESPONDENT.

BILL OF SALE — DESCRIPTION — EVIDENCE TO IDENTIFY PROPERTY SOLD — JURY. — The action was brought on a policy of fire insurance, to recover for a loss sustained by the burning of a barn to which plaintiff claimed title under a bill of sale describing the property as the "Wolfe houses." The defense was a breach of warranty on the part of the plaintiff in representing that the barn was his property. *Held,* that parol evidence was admissible to identify the property included in the bill of sale, and that the question whether the bill of sale included the barn was one for the jury to determine.

APPEAL from a judgment of the Superior Court of San Mateo County, and from an order refusing a new trial.

The facts are stated in the opinion.

*E. A. & G. E. Lawrence,* for Appellant.

*Gray & Haven,* for Respondent.

FOOTE, C.—Plaintiff, Claffey, instituted this action against the defendant on a fire insurance policy, alleging that it covered a loss he had sustained by the burning of a certain barn. The defendant's main objection to payment of the demand was a breach of warranty on the part of plaintiff, in representing that the barn was his property, when he had no title thereto. The plaintiff, as tending to show ownership of the building in dispute, introduced in evidence the following copy of a bill of sale:—

"For a valuable consideration, the Spring Valley Water Works grants and conveys unto John Claffey the Wolfe houses, but reserves the right to use the same until the first day of November, A. D. 1877.

"Witness the corporate name and seal of said corporation hereunto subscribed and affixed by Charles Webb Howard, its president, in pursuance of a resolution heretofore passed by its board of directors, this ninth day of July, A. D. 1877.

"THE SPRING VALLEY WATER WORKS.

"By CHARLES WEBB HOWARD, President."

There was evidence introduced on the trial which tended to prove that a house, barn, and two sheds had been built by a Mr. Wolfe, and they were generally designated "the Wolfe houses"; that they had become the property of the Spring Valley Water Works, and under the bill of sale from that corporation the plaintiff had become the owner thereof.

The word "houses" being used in the bill of sale, it is plain that more than one house was by it conveyed to the plaintiff, and such an ambiguity existed in that instrument as warranted an explanation by parol testi-

mony to determine whether or not the term "the Wolfe houses" included the barn in question.

The court below informed the plaintiff, after all the testimony in the cause had been allowed to go to the jury, that a nonsuit ought to have been granted, because the bill of sale put in evidence did not include the barn, and that plaintiff had not shown any title in himself to it, and that the jury should be so instructed, which was done, and a verdict returned for the defendant.

The issues of fact as made should have been submitted to the jury for decision, upon the evidence introduced; and as such course was not taken, the judgment and order denying a new trial should be reversed, and the cause remanded.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed and the cause remanded for a new trial.