(November 30, 1898.)

## BARNES v. PITTS AGRICULTURAL WORKS.

[55 Pac. 237.]

HARMLESS ERROR.—A judgment will not be reversed for harmless error.

PRACTICE—SECTION 3364 OF THE REVISED STATUTES CONSTRUED.— Under the provisions of section 3364 of the Revised Statutes a cause of action does not accrue until the mortgage debt is paid in full and a discharge of the mortgage demanded.

PLEADING—REFUSAL TO ESTABLISH DEFENSE BY PROOF.—Where the demurrer to an answer is sustained and a new answer is filed setting up the same defense, to which no objection is made, and the party making such answer withdraws from the case and refuses to establish his defense by proof, the error committed in sustaining the demurrer not prejudicial.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

George W. Goode, for Appellant.

Revised Statutes of Idaho, section 3364, entitles a mortgagor, etc., to bring an action for the penalty whenever the mortgage has been satisfied, and the mortgagee refuses to cancel the same of record on demand. (*Wilber v. Pierce,* 56 Mich. 169, 22 N. W. 316.) The word "satisfied" in the statute, we submit, means "in so far as the mortgage is legal and binding." (*Stevens v. Home Sav. etc. Assn.,* 5 Idaho, 739, 51 Pac. 779, 986.) When an appeal is perfected from such an order or judgment as the one appealed from, all proceedings in the cause are stayed until the determination of such appeal. (Idaho Rev. Stats., sec. 4814; *Ruggles v. Superior Court,* 103 Cal. 125, 37 Pac. 211; *Livermore v. Campbell,* 52 Cal. 75; *Chouteau v. Prowse,* 90 Mo. 191, 2 S. W. 290; *Petrie v. Muskegan Co. Judge,* 98 Mich. 130, 56 N. W. 1109; *Woodrum v. Kirkpatrick,* 2 Swan (Tenn.), 218; 2 Ency. of Pl. & Pr., 327 et seq.; *Kaufman v. Superior Court,* 108 Cal. 446, 41 Pac. 476.)

Stewart S. Denning, for Respondent.

Where the plaintiff, in making the opening statement of the case to the court and jury, admits a state of facts the existence of which precludes a recovery by him, the court may close the trial at once. (*Oscanyan v. Arms Co.,* 103 U. S. 261; *Lindley v. Atchison etc. R. R. Co.,* 47 Kan. 432, 28 Pac. 201; *Missouri Pac. Ry. Co. v. Hartman,* 5 Kan. App. 581, 49 Pac. 109; *Noble v. Frack,* 5 Kan. App. 786, 48 Pac. 1004; *Marks v. Northern Pac. Ry. Co.,* 76 Fed. 491.) The court will not impose the statutory penalty for refusal to release or satisfy a mortgage of record where the mortgagee has been honestly mistaken as to his rights or the amount due. (Jones on Mortgages, 4th ed., sec. 991; Boone on Mortgages, sec. 158; *Barrows v. Bangs,* 34 Mich. 304; *Myer v. Hart,* 40 Mich. 517, 29 Am. Rep. 553; *Canfield v. Conklin,* 41 Mich. 371, 2 N. W. 191; *Parks v. Parker,* 57 Mich. 57, 23 N. W. 458; *Parks v. Allen,* 42 Mich. 482, 4 N. W. 227.) Where the complaint alleges payment, setoff or counterclaim cannot be proven. (Idaho Rev. Stats., sec.

4227; *Ulsch v. Muller,* 143 Mass. 379, 9 N. E. 736; *Grinell v. Spink,* 128 Mass. 25; *Wheaton v. Nealson,* 11 Gray, 15; *Wagner v. Sullivan,* 20 S. C. 533; *Sullivan v. Sullivan,* 20 S. C. 509; *Blunt v. Williams,* 27 Ark. 574; 22 Am. & Eng. Ency. of Law, 216, and notes.)    Appellant's complaint does not state facts sufficient to constitute a cause of action, inasmuch as it fails to allege that respondent at any time refused to execute, acknowledge or deliver to him a certificate of the discharge of the chattel mortgage on demand of appellant.    (Idaho Rev. Stats., sec. 3364.)    The possession of the property in controversy by respondent was rightful as disclosed by the record in the case, and therefore no damages could arise for any wrongful taking or conversion.    (Boone on Mortgages, sec. 256, and notes.)

This action was brought under the provisions of section 3364 of the Revised Statutes, to recover $100 penalty and $300 damages for defendant's refusal to discharge a mortgage alleged to have been fully satisfied.    The answer put in issue the material allegations of the complaint; and at the same time the defendant, who is respondent here, filed a cross-complaint setting out certain promissory notes, and averring that the same were secured by the mortgage referred to in the complaint, and that there was due on said promissory notes the sum of $401.24, and demanded judgment and decree foreclosing said mortgage, and for an attorney's fee of forty dollars.    The plaintiff, by answer to said cross-complaint, admits certain allegations thereof, and denies others, and, as a separate defense, avers that the defendant wrongfully and unlawfully took possession of the property described in said mortgage, and held possession thereof for seventeen and one-half days; that the same was worth twenty dollars per day, making a total of $350; that on November 20, 1897, the defendant converted to its own use certain personal property belonging to the plaintiff of the value of $260; and that plaintiff elected to waive the wrong and damages, and to apply the value of said property in payment of the promissory notes.    Upon the issues thus joined a jury was impaneled to try the case.    Thereupon counsel for plaintiff stated his case to the jury, which statement clearly showed that only a part of the indebtedness secured by said mortgage had been paid.

At the close of this statement counsel for the defendant moved the court to dismiss and take from the jury the cause of action stated in the complaint, on the ground that the opening statement of plaintiff's counsel to "the jury and plaintiff's answer to the cross-complaint, taken together, clearly showed that no payment had ever been made to the defendant such as would warrant the plaintiff to sue for the statutory penalty for failure to cancel or satisfy the said mortgage," which motion was sustained by the court. Counsel for appellant then objected to any further proceedings until such time as "the appeal now on file had been determined by the supreme court," which objection was overruled by the court. A demurrer to the answer of the cross-complaint was then argued, submitted to, and sustained by the court; whereupon counsel for appellant renewed his objection to further proceedings in the case, on the ground that an appeal had been perfected from the ruling of the court dismissing the cause of action stated in the complaint. The objection was overruled by the court. Counsel for respondent then moved to discharge the jury, on the ground that, as the case then stood, it was a straight foreclosure action, and not a proper case for a jury, which motion was granted. It appears from the record that the foregoing proceedings occurred on the second day of June, 1898. On the following day the jury was discharged from the further consideration of the case. It also appears that the plaintiff filed his amended answer to said cross-complaint on the third day of June, 1898, and thereafter withdrew all further appearance, and refused to proceed with the trial. No demurrer was interposed to said amended answer. The plaintiff abandoned the case, and refused to introduce any evidence in support of his amended answer. The court then proceeded with the trial of the cause of action set up in defendant's cross-complaint, and rendered judgment and entered a decree of foreclosure in favor of the defendant as prayed for in its cross-complaint. The appeal is from the order and judgment dismissing plaintiff's complaint, and from the judgment and decree of foreclosure made in favor of the defendant on its cross-complaint.

SULLIVAN, C. J. (After Stating the Facts.)—The first error assigned is that the court erred in sustaining the defendant's objection to plaintiff's counsel reading section 3364 of the Revised Statutes to the jury, as reference was made thereto in the complaint.   It appears that plaintiff's counsel, in making his opening statement to the jury, undertook to read said section of the statute to the jury, and objection was made thereto by defendant's counsel, and the objection was sustained.   As plaintiff's action was brought under the provisions of said section, and said section referred to in the complaint, we think it was error to refuse to permit counsel to read the same to the jury.   But the error was harmless, as the case made by plaintiff's complaint was afterward dismissed and the jury discharged.   A judgment will not be reversed for harmless error. This court recognizes the general rule that the jury gets the law from the court.   But where, as in this case, the action is brought under a section of the statute which is referred to in the complaint, counsel may read to the jury, so as to give them an intelligent understanding of the section of the statute.

The dismissal of plaintiff's original action is assigned as error. Under the provisions of section 3364 of the Revised Statutes no cause of action accrues until a mortgage debt has been fully paid, and demand for discharge thereof made, and, as plaintiff's answer to defendant's cross-complaint clearly shows that said debt had not been paid at the date the suit was brought, the motion to dismiss the plaintiff's action was properly sustained.

It is contended that the court proceeded with the trial after plaintiff had perfected his appeal from the order and judgment of the court dismissing his complaint.   There is nothing in the record to sustain this assignment of error.   No appeal had been perfected until nineteen days after the trial of said cause.   Why counsel for appellant should make this contention, under the facts shown in the record, is beyond our conception, as no appeal had been taken, as claimed in said motion.

Sustaining defendant's demurrer to plaintiff's cross-complaint is assigned as error.   The plaintiff brought his action to compel the discharge of a mortgage that he alleged had been fully paid, and for the penalty and damages provided for by sec-

tion 3364 of the Revised Statutes. The defendant answered by denying the payment of said mortgage debt in full, and by cross-complaint prayed for the foreclosure of its mortgage for the balance due on said promissory notes. The plaintiff answered the cross-complaint by denying that there was anything due to the mortgage, and averring that it had been paid in full; and, as a separate defense, admits that said mortgage debt had not been paid in full, and sets up a counterclaim, on which he avers there is due him about $700, and that he applies said sum in payment of said balance due on the mortgage debt. By his answer he admits that he has no cause of action on his complaint, and the court did not err in dismissing it. The demurrer to the answer was then sustained, and the plaintiff thereupon filed an amended answer, setting up substantially the same defense as contained in the answer, to which no demurrer was interposed. He thereafter withdrew from any further participation in the trial of the case. We conclude, after a very careful examination of the record, that, if the court erred in sustaining said demurrer, the error was harmless, for the reason that, under the amended answer, the defendant was permitted to make the same defense as under the answer which was stricken out on demurrer. For that reason no prejudicial error was made against him. The judgment of the lower court is affirmed, and costs of this appeal are awarded to the respondent.

Huston and Quarles, JJ., concur.

ON REHEARING.

(December 10, 1898.)

Per CURIAM.—The petition for a rehearing in this case presents nothing new. Counsel seem to think the court has overlooked something in the record. We do not find it so. The record was made up with little or no regard to the rules of the court prescribing the manner in which such documents must be prepared. We think we were very lenient—too much so, perhaps—in considering the case upon such a record, but, having done so, we have, with much labor, arrived at what we regard a correct conclusion. The record shows that "the amended an-

swer to cross-complaint" was filed June 3, 1898, and the "de-murrer to amended answer to cross-complaint" was filed on same day. Following these statements in the record, under the heading, "Afternoon Session, June 2, 1898," the court passed upon a motion by defendant's counsel to take the case from the consideration of the jury, and granted the same. Counsel for appellant then objected to any further proceedings in the cause, on the ground that an appeal had been perfected from the ruling of the court dismissing plaintiff's complaint therein. This objection of plaintiff's counsel was overruled by the court. The court having dismissed the jury, counsel for plaintiff (appellant) made the following statement, as appears by the bill of exceptions in the record: "Mr. Goode: Now, at this time, the plaintiff, Thomas Barnes, withdraws all further appearance, and refuses to proceed with the trial of this cause, in the manner and form as indicated by the court." Thus, it appears from the record that on June 2d counsel for the plaintiff (appellant) retired from the case, refusing to proceed further with the trial, and yet the record shows that on the 3d of June he filed an "amended answer to the cross-complaint." Counsel for appellant stated to the trial court that he had perfected an appeal from the order of the court dismissing the complaint of plaintiff. That could not refer to the appeal before us, as the notice of appeal herein was not filed until the 22d of June, 1898. The cause was submitted in this court without argument by appellant, and perhaps what we should have done was to examine the record before accepting such submission; but, not having done so, we have made the best we could of it, and we believe have reached a just and legal conclusion. If counsel for appellant thinks his case has not been fairly presented, he has no one to blame but himself. He prepared the transcript (if such it can be called) himself. He declined to argue his case orally. The transcript is a mass of inconsistency and irrelevancy. Confident that a rehearing would shed no new light upon the case, and that we have done justice under the law, we decline to listen to another presentation of the case. Rehearing denied.