(January 16, 1909.)

# G. SPONGBERG, Appellant, v. THE FIRST NATIONAL BANK OF MONTPELIER, IDAHO, a Corporation, Respondent.

[99 Pac. 712.]

Written Contract — Extrinsic Evidence — Judgment of Nonsuit — Appeal—Questions Reviewed—Prejudicial Error.

1. Where a contract to lease real property is indefinite and uncertain, but not wholly void for uncertainty, oral evidence is admissible for the purpose of showing the circumstances surrounding the transaction, and to identify the property with reference to which the contract is made.

2. Where a contract to lease real property described the property as "the side room in our bank," oral evidence may be received for the purpose of identifying the property with reference to which the contract was made.

3. Upon an appeal from a judgment of nonsuit, this court will review not only the action of the trial court in disposing of the motion for a nonsuit, but also such errors of law as occurred during the trial, when properly excepted to and made a part of the record by a proper bill of exceptions.

4. In an action to enforce the specific performance of a contract to lease real property, which contract describes the property as "the side room in our bank," it is error for the trial court to sustain an objection to a question propounded to the plaintiff which sought to identify the property with reference to which the contract was made.

5. This court will not reverse a cause because of an error of the trial court in sustaining an objection to a question, where such ruling of the trial court is not prejudicial.

6. To render the action of the trial court, in sustaining an objection to a question, prejudicial, it must appear from the record that the plaintiff's case failed by reason of the ruling of the trial court.

7. The plaintiff cannot be prejudiced by a ruling of the trial court in sustaining an objection to a question, when the answer to such question, if given, in addition to the evidence offered, would not make a *prima facie* case for the plaintiff.

8. If upon trial a question is asked, to which objection is made and sustained by the court, and the plaintiff does not prove, or offer to prove, the other facts necessary to entitle the plaintiff to recover, the ruling of the trial court is not prejudicial.

(Syllabus by the court.)

APPEAL from the District Court of the Fifth Judicial District for Bear Lake County. Hon. Edward A. Walters, Judge.

An action to enforce the specific performance of a contract to lease real property. Judgment of nonsuit. Plaintiff appeals. *Affirmed.*

Thos. L. Glenn, for Appellant.

A deed shall, if possible, be so construed as to effectuate the intention. In arriving at that intention it is always admissible to consider the situation of the parties and the circumstances, and every part of the writing should be considered with the help of that evidence. (*Bartholomew v. Muzzy,* 61 Conn. 393, 29 Am. St. Rep. 206, 23 Atl. 604; 12 Am. & Eng. Ency. 997; *North Western Distilling Co. v. Bryant,* 69 Ill. 658, 18 Am. Rep. 631; *Carroll v. St. Johns Soc.,* 125 Mass. 565; *Cohn v. Borst,* 36 Hun (N. Y.), 562.)

The description of the land upon which the bank building is located is admitted, and by stipulation the ownership in the defendant is admitted, and the improvements are admitted; with these admissions and the agreement combined, it seems to be a clear case wherein extrinsic evidence is and was admissible, and the court erred in not permitting the introduction of extrinsic evidence on that point. (*Towle v. Carmelo Land & Coal Co.,* 99 Cal. 397, 33 Pac. 1126; *Easton v. Thatcher,* 7 Utah, 99, 25 Pac. 728; *Bacon v. Leslie,* 50 Kan. 494, 34 Am. St. Rep. 134, 31 Pac. 1066; *Ross v. Purse,* 17 Colo. 24, 28 Pac. 473; *Mann v. Higgins,* 83 Cal. 66, 23 Pac. 206; *Richards v. Snyder,* 11 Or. 197, 3 Pac. 177; *Preble v. Abrahams,* 88 Cal. 245, 22 Am. St. Rep. 301, 26 Pac. 99; *Mulford v. Le Franc,* 26 Cal. 112.)

Clark & Budge, A. B. Gough, and Chas. E. Harris, for Respondent.

Appellant is attempting to reverse a judgment which is based upon the insufficiency of the evidence because of an

alleged error of law committed by the court in excluding one particular class of evidence. This cannot be done. (*O'Connor v. Hooper*, 102 Cal. 528, 36 Pac. 939; *Archibald Est. v. Matteson*, 5 Cal. App. 441, 90 Pac. 723; *Kansteiner v. Clyne*, 5 Ida. 59, 46 Pac. 1019; *Simpson v. Remington*, 6 Ida. 681, 59 Pac. 360; *Kroetch v. Empire Mill Co.*, 9 Ida. 277, 74 Pac. 868; *Downing v. Murray*, 113 Cal. 455, 45 Pac. 869; *Lewis v. Lewis*, 3 Ida. 645, 33 Pac. 38; *Jacobson v. Bunker Hill & S. M. & C. Co.*, 3 Ida. 126, 28 Pac. 396; *Shields v. Johnson*, 12 Ida. 329, 85 Pac. 972.)

A ruling sustaining an objection to a question put to a witness will not be reviewed in the absence of an offer showing what the party expected to prove. (*United States v. Alexander*, 2 Ida. 386, 17 Pac. 746; *Later v. Haywood*, 14 Ida. 45, 93 Pac. 374; Spelling on New Trial & App. Prac., sec. 438; *Taylor v. Kelley*, 103 Cal. 178, 37 Pac. 216; 2 Cyc. 697; *Wittenberg v. Mollyneaux*, 60 Neb. 583, 83 N. W. 842; *Nebraska Telegraph Co. v. Jones*, 60 Neb. 396, 83 N. W. 197; 3 Cyc. 165; *Carpenter v. Bailey*, 127 Cal. 582, 60 Pac. 162; *Jones v. Humphrey's Est.*, 10 Kan. App. 545, 63 Pac. 26; *Bank v. Frese*, 116 Cal. 9, 47 Pac. 783.)

Conceding that this court will review the ruling complained of, and that said ruling is erroneous, still, under another rule of practice, such an error is harmless when, if the court had received the evidence excluded and given it due weight, the effect could not have been to change the judgment. (*Bertelsen v. Bertelsen*, 7 Cal. App. 258, 94 Pac. 80; *Downing v. Howlett*, 6 Colo. App. 291, 40 Pac. 505.) It was necessary for the plaintiff to prove, or to offer to prove, sufficient facts to show to the court that he could make a *prima facie* case, and unless he does make such showing, he cannot predicate reversible error upon the exclusion of one element of proof. (*Clanton v. Ryan*, 14 Colo. 419, 24 Pac. 258; *Nevitt v. Crow*, 1 Colo. App. 453, 29 Pac. 749; *People v. Weiss-Chapman Drug Co.*, 5 Colo. App. 153, 38 Pac. 334; *Downing v. Howlett, supra.*)

674    SPONGBERG v. FIRST NATIONAL BANK.    [15 Idaho,

The appellant has no right to prove by parol what building or room was meant by the words "our bank building." (*Kurdy v. Rogers,* 10 Ida. 416, 79 Pac. 195; *Craig v. Zelian,* 137 Cal. 105, 69 Pac. 853; *Halsell v. Renfrow,* 14 Okl. 674, 78 Pac. 118; *Hartshorn v. Smart,* 67 Kan. 543, 73 Pac. 73; *Ross v. Allen,* 45 Kan. 231, 25 Pac. 570, 10 L. R. A. 835; *Nibert v. Baghurst,* 47 N. J. Eq. 201, 20 Atl. 252; *Ryan v. Davis,* 5 Mont. 505, 6 Pac. 339.)

STEWART, J.—Appellant brought this action to enforce the performance of a contract to lease real property. The contract was in writing and described the property as "the side room in our bank." Upon the trial the appellant proved the execution of the contract, and the contract was offered and admitted in evidence. The plaintiff was then sworn as a witness and his counsel asked him this question: "At the time the agreement was made what bank building or room did you have in view?" Counsel for respondent objected to this question upon the ground that the same was incompetent, irrelevant and immaterial, and the objection was sustained. The plaintiff offered no further testimony and rested his case, and the respondent moved for a nonsuit upon the ground that the plaintiff had failed to make any case, and asked that the action be dismissed. The motion was granted. Plaintiff excepted to the ruling of the court, and this appeal is from the judgment entered upon the motion for a nonsuit. The judgment recites: "The plaintiff having rested, counsel for defendant moved the court to grant a motion of nonsuit and dismiss the action. This motion was granted by the court; wherefore, by virtue of the law in the premises it is hereby ordered, adjudged and decreed, that this action be and the same is hereby dismissed at plaintiff's cost."

The sole question relied upon by the appellant is the ruling of the trial court in sustaining the objection to the question asked plaintiff as indicated above. Counsel for respondent in reply to plaintiff's contention argues, first, that the ruling of the trial court in sustaining the objection to

the question asked cannot be reviewed upon an appeal from a judgment of nonsuit; second, that even if the court should hold that the question presented is reviewable upon an appeal from a judgment of nonsuit, still, the ruling complained of should not be disturbed in this case, for the reason that it is not prejudicial error, inasmuch as even if answered in the most favorable light to the plaintiff, and taken in connection with the other evidence offered by the plaintiff, still, the evidence would be insufficient to prove plaintiff's case, and there would be no error in sustaining a motion for nonsuit; third, that the ruling of the trial court was correct. The last position of counsel for respondent and appellant's contention as to the ruling of the trial court will be considered together.

Referring again to the agreement upon which this action is based, it will be observed that the property described therein is stated to be "the side room in our bank." The contention of appellant is that parol evidence was admissible for the purpose of explaining and identifying the property intended to be covered by this contract; that the plaintiff should have been allowed to state what was meant by "our bank," and to have identified the property intended to be covered by the agreement. If the agreement was so indefinite and uncertain that it could not be ascertained what the contract was, then the rule contended for by respondent and announced in *Kurdy v. Rogers,* 10 Ida. 416, 79 Pac. 195, and other cases, would be applicable. As said by the court in that opinion:

"The contract must speak for itself, and if it is sufficiently definite in its terms to enlighten the court of the intent of the parties, it will be enforced. Oral evidence is not admissible to make a contract of this character or supply any of its terms or conditions, for the reason that it would open the door to all manner of fraud and deception."

We, however, do not think that the description of the property in the contract involved in this case is so uncertain that the agreement of the parties cannot be ascertained. The con-

tract was written upon a letter-head of the respondent upon which appears the following:

"Tim Kinney,  E. A. Burrell,  E. A. Burrell,
 President.   Vice President.   Cashier.

### THE FIRST NATIONAL BANK.
#### Of Montpelier, Idaho.

Stockholders:

Tim Kinney, E. A. Burrell, L. S. Hills, G. G. Wright, Geo. T. Odell, Geo. Romney, James Redman, H. A. Gill, L. B. Leverich.

Montpelier, Idaho, April 3rd, 1906."

The contract was signed by E. A. Burrell, cashier, thus showing upon its face that the respondent bank was entering into a contract with reference to a room in the bank's building in Montpelier, Idaho, and the question asked the witness called for an answer which would not in any way alter or change the terms of the contract. The inquiry directed the witness' attention only to the particular building or location of the defendant's property in the town of Montpelier. The purpose of counsel in asking this question evidently was to fix the particular ground upon which such building was located, and we think it proper for the plaintiff to make such proof. The rule, as we understand it, is, that parol evidence is admissible to show all the facts and circumstances attending the transaction and to identify the property with reference to which a contract is made. (*Kelley v. Leachman*, 3 Ida. 392, 29 Pac. 849; *Westheimer v. Thompson*, 3 Ida. 560, 32 Pac. 205; *Claffey v. Hartford Fire Ins. Co.*, 68 Cal. 169, 8 Pac. 711; *Cleveland v. Choate*, 77 Cal. 73, 18 Pac. 875; *Marriner v. Dennison*, 78 Cal. 202, 20 Pac. 386; *Carter v. Bacigalupi*, 83 Cal. 187, 23 Pac. 361; *Walbridge v. Ellsworth*, 44 Cal. 353; *Preble v. Abrahams*, 88 Cal. 245, 22 Am. St. Rep. 301, 26 Pac. 99; *Ontario Deciduous Fruit Growers' Assn. v. Cutting Fruit Packing Co.*, 134 Cal. 21, 86 Am. St. Rep. 231, 66 Pac. 28, 53 L. R. A. 681.) By this question the plaintiff was not attempting to vary or alter the terms of a written contract or make a contract for the parties. The question merely called upon the witness to fully and particularly iden-

tify the property with reference to which the contract was made, and which was referred to and described generally in the contract. That oral testimony may be admitted for this purpose, we think the authorities above cited fully sustain, and this, we understand, is the rule in this state. If this rule be correct, then it follows that the question asked should have been allowed, and that the court erred in sustaining an objection thereto.

Conceding, then, that the trial court erred in sustaining the objection to the question under consideration, can such error be reviewed upon an appeal from a judgment of nonsuit? In opposition to the right of the court to review this error of the trial court, upon appeal from a judgment of nonsuit, counsel cite and rely upon the case of *O'Connor v. Hooper,* 102 Cal. 528, 36 Pac. 939, and *Archibald Estate v. Matteson,* 5 Cal. App. 441, 90 Pac. 723. These authorities announce the rule:

"Where, upon a motion for a nonsuit, the testimony is relevant, but may be inadmissible under some rule of evidence, and is admitted either without or against objections, it must be given the effect of its full probative force; error in admitting evidence for the plaintiff cannot be reviewed on a motion for a nonsuit."

From this counsel for respondent argue:

"It goes without saying that the same rule applies, and the decisions should be recognized as of equal weight upon the question of *excluding* evidence for the plaintiff, for the principle announced is simply that the appellate court will not review rulings upon the evidence, or pass upon the competency of the evidence when the question presented is whether or not a nonsuit was properly granted or denied, but will look to the evidence adduced just as it stands in the record for the sole purpose of determining whether it is sufficient to make out a *prima facie* case for the plaintiff, viewing it in the strongest and most favorable light for him."

Just what reason may have existed in the minds of the California court when these decisions were rendered does not clearly appear from the opinions. The court may have concluded that even though irrelevant testimony was admitted,

yet if a motion for a nonsuit was sustained, the defendant would not be prejudiced by reason of the admission of such evidence, for the reason that defendant recovered by the judgment of nonsuit, or the court may have been of the opinion that inasmuch as a motion for a nonsuit was sustained and the appeal taken by the plaintiff, and there being no bill of exceptions in the record showing any errors committed against the respondent or defendant, that the ruling of the trial court in admitting irrelevant testimony could not be reviewed upon an appeal; but whatever may have been the reason for the decisions above cited, in our opinion they do not apply to the facts presented by the record in this case. (*Jones v. St. John Irr. Co.*, 2 Ida. 58, 3 Pac. 1; *Coffin v. Bradbury*, 3 Ida. 770, 95 Am. St. Rep. 37, 35 Pac. 715; *Sabin v. Burke*, 4 Ida. 28, 37 Pac. 352.)   The rule adopted and followed by this court is, on appeal this court can only notice the errors committed against the appellant, and not those committed against the successful party, or the respondent in the appeal.   Rev. Codes, sec. 4354, provides:

"An action may be dismissed, or a judgment of nonsuit entered, in the following cases: .... 5. By the court, upon motion of the defendant, when, upon the trial, the plaintiff fails to prove a sufficient case for the jury. ...."

Rev. Codes, sec. 4800, provides:

"A judgment or order, in a civil action, except when expressly made final, may be reviewed as prescribed in this Code, and not otherwise."

Rev. Codes, sec. 4807, provides:

"An appeal may be taken to the supreme court, from a District Court: 1. From a final judgment in an action or special proceeding commenced in the court in which the same is rendered. ...."

This latter section was under consideration by this court in the case of *Lalande v. McDonald*, 2 Ida. 307, 13 Pac. 347, and this court held:

"We must therefore conclude that the legislature intended by this enactment to allow appeals from all judgments which finally determine the particular suit, without reference to the question whether or not it determines the final rights of

the parties to the subject matter of litigation.  A judgment of nonsuit being a final judgment within the meaning of our code, the motion to dismiss the appeal must be denied.''

The statute in our opinion clearly provides for an appeal from a judgment of nonsuit the same as from a judgment upon the merits of the case.  The judgment of nonsuit terminates the rights of the parties with reference to the particular suit to the same extent as a judgment upon the merits would terminate such rights.  There is no distinction in the statute which would indicate any intention on the part of the legislature to prevent an appeal being taken from a judgment of nonsuit.  As we understand the position of counsel for respondent, however, it is this, that the only question that can be reviewed by this court upon an appeal from a judgment of nonsuit is the sufficiency of the evidence to justify such judgment.  The statute, however, fixes no such limitation. Sec. 4818 of the Revised Codes provides:

''On an appeal from a final judgment, the appellant must furnish the court with a copy of the notice of appeal, of the judgment-roll, and of any bill of exceptions or statement in the case, upon which the appellant relies.''

If a judgment of nonsuit is a final judgment within the meaning of this section, and we think this clearly appears from the statute and the authority above cited, then, as a part of the record upon appeal from such judgment, this court is to be furnished as required by such statute with the papers therein enumerated, among which is a bill of exceptions showing the asking of the question complained of, the objection made thereto, the ruling of the court upon such objection, and the proper allowance and settlement of an exception thereto. Rev. Codes, sec. 4426, among other things provides:

''An exception is an objection upon a matter of law, to a decision made either before or after judgment, by a court, tribunal, judge, or other judicial officer in an action or proceeding.''

This appeal, therefore, presents to this court for review not only the action of the court in disposing of the motion for nonsuit, but also such errors of law occurring during the trial as are properly presented by a bill of exceptions made

a part of the record in this case. We are unable to find any provision of the statute, and we know of no principle of law which would limit this court in its review of questions presented by the record, where an appeal has been taken from a judgment of nonsuit. Under the statute it would seem that this court has the same power, and it is made its duty to review all questions presented by the record, just the same where an appeal is taken from a judgment of nonsuit as where an appeal is taken from a judgment upon the merits. We are, therefore, clearly of the opinion that upon appeal from a judgment of nonsuit, questions presented by the record are reviewable the same as upon appeal from a judgment upon the merits.

The next question for consideration is, Was the ruling of the trial court prejudicial error? If so, then this judgment should be reversed. If, however, conceding the ruling of the trial court to have been error, still if such ruling was not prejudicial to the plaintiff, the judgment should not be reversed. (Rev. Codes, sec. 4231; *Barnes v. Pitts Agricultural Works*, 6 Ida. 259, 55 Pac. 237; *Smith v. Ellis*, 7 Ida. 196, 61 Pac. 695; *McCrea v. McGrew*, 9 Ida. 382, 75 Pac. 67; *Bertelsen v. Bertelsen*, 7 Cal. App. 258, 94 Pac. 80.) To render the action of the trial court in sustaining an objection to the question propounded prejudicial, it must appear from the record that the plaintiff's case failed by reason of the ruling of the trial court; in other words, the plaintiff could not be prejudiced by the ruling of the trial court in denying him the right to introduce relevant and necessary testimony, if the testimony offered by the plaintiff in addition to the rejected testimony, if admitted, would not prove the plaintiff's case. So far as the record in this case is concerned, while it was competent for the plaintiff to show and identify the property with reference to which the contract was made, still that fact and the proof of the contract alone would not make a *prima facie* case for the plaintiff. There were other provisions in the contract and conditions imposed upon the plaintiff which it was necessary for him to prove in order to make out a *prima facie* case, and in the absence of evidence upon these questions, even had the court permitted the plaintiff to

answer the question propounded, still with such answer in the record the evidence would have been insufficient to make a *prima facie* case, and the court would have been warranted in granting a nonsuit. To make the ruling of the trial court, in sustaining an objection to a question asked, prejudicial error, it must appear that by reason of the court's ruling the plaintiff was deprived of relevant and necessary evidence, and in this case that the ruling of the trial court prevented the plaintiff from making his *prima facie* case. If, however, after the ruling of the trial court, the plaintiff had offered to prove the other facts necessary to make a *prima facie* case, and the court had announced that even if such facts were proven, still it would not affect or control the ruling of the court upon the objection made, then the offer to prove would take the place of the proof and the ruling would be prejudicial error. In this case had the court permitted the question to be answered and the property covered by the contract fully described, still the plaintiff would have failed to make a *prima facie* case, and the error of the court, in sustaining the objection to the question, would be error without prejudice. For these reasons the judgment appealed from will be affirmed. Costs awarded to respondent.

Sullivan, C. J., and Ailshie, J., concur.